JAMES E. WHITMIRE, ESQ.
Nevada Bar No. 6533
jwhitmire@santoronevada.com
SANTORO WHITMIRE
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89135
Telephone:   702/948-8771
Facsimile:    702/948-8773

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH J. SMITH,<br><br>            Plaintiff,<br><br>vs.<br><br>ONE NEVADA CREDIT UNION,<br><br>            Defendant. | Case No.: 2:16-cv-02156-GMN-NJK<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**(Oral Argument Requested)** |

ONE NEVADA CREDIT UNION ("Defendant"), by and through its counsel of record, the law firm of Santoro Whitmire, hereby files Defendant's Reply in Support of Motion to Dismiss Plaintiff's Complaint.

### **INTRODUCTION**

Defendant respectfully submits that the overarching question at this stage of the case is whether, consistent with *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011), Plaintiff has alleged factual allegations that "plausibly suggest an entitlement to relief, such that it is not unfair to require [One Nevada Credit Union] to be subjected to the expense of discovery and continued litigation?"  The answer to that question is an unequivocal no, and that conclusion is further reinforce when one considers that Plaintiff (based upon razor thin allegations) seeks to pursue this action on behalf of not only himself, but others was well.  Plaintiff's Complaint is based

upon a series of whimsical allegations that should not fairly require Defendant to be subjected to the sort of expense that continued litigation will undoubtedly require.

As discussed more fully below, Plaintiff's Complaint (and his Opposition), considered as a whole and/or in parts, is/are the prototypical "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action [which] will not do'" to survive dismissal.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009)  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).  Plaintiff's core contention is that the defendant credit union pulled a credit report of a current/former customer, that Plaintiff is unhappy about that event, and that Plaintiff wishes to capitalize on, at best, a hyper-technical alleged violation for which no facts (as opposed to conclusions) have been articulated to demonstrate that Plaintiff has suffered any legally compensable harm and/or that Defendants' conduct was negligent or willful.  As discussed in further detail below, dismissal with prejudice is appropriate in this case.

## I.

### PLAINTIFF'S COMPLAINT AND OPPOSITION IS DEVOID OF ALLEGATIONS THAT ARE SUFFICIENT TO WITHSTAND A MOTION TO DISMISS

Plaintiff's Complaint and Opposition fail, in critical places, to plead specific facts to support a viable claim.  For purposes of this Reply, Defendant will primarily focus on Plaintiff's damages allegations (or lack thereof) and his allegations regarding Defendant's alleged culpability (or lack thereof).[1]  Simply put, Plaintiff's factual allegations regarding damages are non-existent, and there are no factual allegations (as opposed to conclusions) as to Defendant's state of mind at the time any credit report was pulled.  Moreover, even if there is a scintilla of allegations regarding harm and/or culpability, those allegations are speculative, fanciful, too vague and/or conclusory to survive a Motion to Dismiss.

---

[1]  To avoid undue repetition, Defendant will not restate all arguments contained in their Motion, and Defendant continues to maintain that Plaintiff has not offered any plausible support for their claim that a violation of the FCRA even occurred in the first place.

In this case, Plaintiff never alleges that he sought any medical attention or treated with any health care provider. Plaintiff also fails to articulate that any medical expenses were incurred. Plaintiff similarly fails to articulate how any actual concrete and particularized harm has been suffered as a result of his former/current credit union pulling a report. At best, Plaintiff alleges some amorphous metaphysical speculative alleged damage. Rather than pleading specific facts, a cursory and/or close reading of the Complaint shows that Plaintiff bases his entire case on conclusory allegations of harm that formulaically track legal elements.[2]

While the undersigned rarely briefs legal standards in great detail given the Court's familiarity with the rules, this is the unique case where the undersigned will underscore certain highly relevant legal standards that justify the relief requested in this case.

- "To survive a motion to dismiss, a complaint must contain ***sufficient factual matter***, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009)* (quoting *Twombly, 550 U.S. at 555*) (bold italics added).

- Although Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," defending a complaint against a Rule 12(b)(6) attack "requires more than labels and conclusions"; it calls on plaintiffs to plead ***factual allegations that are "enough to raise a right to relief above the speculative level."*** *Twombly, 550 U.S. at 555* (quoting 5 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)) (citing *Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986))* (internal quotation marks omitted). (bold italics added).

- The court is not required to accept as true allegations that are mere conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)

- Facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Bell Atl. Corp. v. Towmbly*, 550 U.S. 544, 554, 127 S. Ct. 1955, 1964 (2007).

- In connection with dismissal order in *Carranza v. U.S. Bank, N.A.*, No: 2:15-cv-1471-GMN-CWH , 2016 U.S. Dist. LEXIS 55410 (Apr. 25,

---

[2] The same deficiencies exist as to Plaintiff's allegations concerning Defendant's alleged negligence and/or willfulness.

2016),  the Court stated, *"**the Complaint appears to make little attempt to connect Plaintiffs' claims to specific facts relevant in this particular case**"* and that *"**many of Plaintiffs' allegations are bare legal conclusions that the Court need not accept as true.**" Id.* (bold italics added).  The Court also addressed defendant's argument that the Complaint should be dismissed because Plaintiffs' claims were based on legal theories that are contrary to law.

- In connection with a dismissal order Judge Dorsey stated, in *Pettit v. Fannie Mae*, No. 2-11-cv-00149-JAD-PAL, 2014 U.S. Dist. LEXIS 17722 (Feb. 11, 2014), "[a]s Judge Navarro pointed out when dismissing Plaintiff's claims against MERS and Seterus, ***Plaintiff's original complaint—which actually contained several pages of factual allegations—failed to rise to this level because the factual allegations were 'vague and fanciful' or too speculative and conclusory' to support any viable claim.***  Doc. 39 at 5-6." (bold italics added).

Not only does Plaintiff's Complaint and Opposition fail to satisfy the foregoing standards, but Plaintiff cannot avoid cases such as  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), wherein the United States Supreme Court recognized that a "bare procedural violation, divorced from any concrete harm," will not "satisfy the injury-in-fact requirement of Article III." *Id.* at 1550.   This was not just an isolated statement by the Court as it further noted, "[i]t makes no difference that the procedural right has been accorded by Congress," because "the requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." *Id.*[3]

## II.

## PLAINTIFF'S DAMAGE CLAIM IS SUBTANTIVELY DEFECTIVE

In addition to the procedural deficiencies in Plaintiff's Complaint, Plaintiff's Complaint and Opposition are substantively deficient as to the damages component of Plaintiff's claim.  In this case, Plaintiff alleges two forms of supposed harm: (a) an invasion of privacy/supposed emotional distress; and, (b) potential harm if there is some future data breach at the credit union.

---

[3]   The district court cases cited by Plaintiff in his Opposition should be disregarded as such cases are not controlling in this jurisdiction and are inconsistent with *Spokeo*.

- 4 -

Plaintiff's Opposition, however, glosses over the fact that neither form of alleged harm should be sufficient to withstand a motion to dismiss.

First, conspicuously absent from Plaintiff's Opposition is any mention, much less discussion, of this Court's decision in *Leff v. Bank of N.Y. Mellon,* No. 2:14-CV-2001-GMN-CWH, 2015 U.S. Dist. LEXIS 1666975, at *7-8 (D. Nev. Dec. 11, 2015), wherein the Court (in a case involving Fair Credit Reporting Act issues) addressed the issue of invasion of privacy and noted how such claims cannot be easily established in the absence of highly offensive conduct. As noted in the Motion (and unrebutted by Plaintiff in his Opposition) is the following quote from *Leff*:

> A cause of action for invasion of privacy requires: (1) an intentional intrusion by defendant; (2) on the solitude or seclusion of the plaintiff; (3) that would be highly offensive to a reasonable person." *Downs v. River City Grp., LLC,* No. 3:11-CV-0885-LRH-WGC, 2012 U.S. Dist. LEXIS 66860, 2012 WL 1684598, at *4 (D. Nev. May 11, 2012). The tort has a public disclosure requirement, which contemplates disclosure to more than individuals or small groups. *Kuhn v. Account Control Tech., Inc.,* 865 F. Supp. 1443, 1448 (D. Nev. 1994).

*Leff,* 2015 U.S. Dist. LEXIS 1666975, at *7-8.[4]

In this case, Plaintiff has not alleged any facts which suggest an intrusion occurred is "highly offensive to a reasonable person." Moreover, the public disclosure requirement is non-existent in this case. Here, Plaintiff merely alleges is that the credit union with which he had a customer relationship obtained credit reporting information about him. Plaintiff does not claim that Defendant ever shared consumer reporting information with any third-party or otherwise publicized the information. Plaintiff simply alleges, at best, hyper-technical violations of the FCRA without any plausible connection to any concrete particularized damage. There are simply no facts to suggest a plausible claim for relief in this case, and Plaintiff's claimed "privacy" damages are insufficient to create Article III standing.

---

[4] Plaintiff also ignored other cases cited by Defendant in its Motion.

Second, the alleged potential future data breach possibility is, by definition, a speculative claim. At best, Plaintiff has an unjustified and unripe fear of a hypothetical risk that Defendant may, in the future, be the victim of a data breach that would expose the credit information that Defendant obtained about him. Plaintiff's claim is absurd, especially when one considers that if there ever was a future data breach, the credit union already had Plaintiff's information separate and apart from any credit report that may have allegedly been pulled. Put another way, if a data breach occurred (which is speculative), there is no realistic incremental information to be obtained in a credit report that was not already in the database given that Plaintiff was a current/former customer of Defendant. To the extent that Plaintiff relies on any case law to support his arguments, Defendant notes that Plaintiff has no controlling legal authority to support his position, and that the more reasoned legal authority, which will not be repeated herein, justifies dismissal. In sum, this truly is a case that does not even come close to a Complaint getting beyond conceivable to plausible.

## III.

### PLAINTIFF'S ALLEGATIONS REGARDING DEFENDANT'S ALLEGED PURPOSE AND/OR CULPABILITY ARE SUBTANTIVELY DEFICIENT

Plaintiff's Complaint and Opposition fail to reach the plausibility threshold as to Defendant's permissible purpose and/or culpability (i.e. whether any alleged violation was negligent and/or willful).[5] Here, both Plaintiff's Complaint and Opposition introduced the issue

---

[5] Courts have recognized that plaintiffs must plead the lack of permissible purpose and defendant's culpability. *See, e.g,, Geiling v. Wirt Fin. Servs.*, No. 14-11027, 2014 U.S. Dist. LEXIS 183237 (E.D. Mich. Dec. 31, 2014) (recommending the granting of motion to dismiss, with such recommended disposition having been adopted in 2015 U.S. Dist. LEXIS 40957 (E.D. Mich. Mar. 31, 2015). Among other things, the court noted how a plaintiff must plead facts that the defendant knew or should have known that it was violating the FCRA and specific facts as to defendant's mental state when the defendant accessed the credit report. 2014 U.S. Dist. LEXIS at *66-68. Without such facts, the court stated, "it may appear just as likely that the defendants' conduct was unintentional." *Id.* (citations omitted).

that Plaintiff had been a customer of Defendant, at least at one point in time.[6] Because Plaintiff raised the issue of his customer status, Defendant contends that it was appropriate for Defendant to have attached a one page document to its Motion showing the Court that Plaintiff authorized credit inquiries.

Whether Plaintiff is deemed a current or former customer of Defendant is not important, however. Here, it is undisputed that Plaintiff was, at a minimum, a former customer of Defendant. And, Plaintiff cannot dispute that he had authorized credit inquires. At a minimum, the fact that Plaintiff had authorized credit inquiries negates Plaintiff's claims of negligence and/or willfulness, which is an essential element of Plaintiff's claim. Consistent with relevant case law and Fed. R. Civ. P. 1, this is a case where Plaintiff has not adequately alleged a negligent and/or willful violation and extrinsic evidence should be considered to facilitate the "just, speedy, and inexpensive determination of every action and proceeding."

## CONCLUSION

For all of the foregoing reasons, Defendant's Motion to Dismiss should be granted.

DATED this 1st day of December, 2016.

        **SANTORO WHITMIRE**

        */s/ James E. Whitmire*
        JAMES E. WHITMIRE, ESQ.
        Nevada Bar No. 6533
        10100 W. Charleston Blvd., Suite 250
        Las Vegas, Nevada 89135

        *Attorney for Defendant*

---

[6] Defendant continues to maintain that Plaintiff never closed his account, yet that issue is not material at this juncture of the case.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 1st day of Decmeber, 2016, a true and correct copy of the **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was served electronically with the Clerk of the Court using the Eighth Judicial District Court's Wiznet E-File & Serve system and/or deposited for mailing in the U.S. Mail, postage prepaid and addressed to the following:

Michael Kind, Esq.
KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Email: mkind@kazlg.com

David H. Krieger, Esq.
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, #350
Henderson, NV 89123
Email: dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff*

                                          */s/ Asmeen Olila-Stoilov*
                                          An employee of SANTORO WHITMIRE