UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH J. SMITH, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> ONE NEVADA CREDIT UNION, ) <br> ) <br> Defendant(s). ) <br> ) | Case No. 2:16-cv-02156-GMN-NJK <br><br> ORDER <br><br> (Docket Nos. 25, 29) |

Pending before the Court is a motion to stay discovery pending resolution of Defendant's motion to dismiss. *See* Docket No. 25; *see also* Docket No. 12 (motion to dismiss). Plaintiff filed a response in opposition, and Defendant filed a reply. Docket Nos. 27, 30. Also pending before the Court is Plaintiff's motion for leave to file supplemental authority, and Defendant's response thereto. Docket Nos. 29, 30. The Court finds the motions properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** Defendant's motion to stay discovery, **GRANTS** Plaintiff's motion to file supplemental authority, and **ORDERS** the parties to file a joint proposed discovery plan by January 25, 2017.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay carries the heavy burden of making a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda*

*Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

The Court finds that a stay of discovery is not appropriate in this case. Most significantly, the Court has taken a preliminary peek at the motion to dismiss and is not convinced that it will be granted.[1] It bears repeating that the filing of a non-frivolous dispositive motion, standing alone, is simply not enough to warrant staying discovery. *See, e.g.*, *Tradebay*, 278 F.R.D. at 603. Instead, the Court must be "convinced" that the dispositive motion will be granted. *See, e.g.*, *id.* "That standard is not easily met." *Kor Media*, 294 F.R.D. at 583. "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Id.* (quoting *Trazska v. Int'l Game Tech.*, 2011 WL 1233298, *3 (D. Nev. Mar. 29, 2011)) (emphasis in original). The Court requires this robust showing that the dispositive motion will succeed because applying a lower standard would likely result in unnecessary delay in many cases. *Id.* (quoting *Trazska*, 2011 WL 1233298, at *4).

The Court has carefully reviewed the arguments presented in the motion to dismiss. The Court is simply not convinced that the motion to dismiss will be granted, such that conducting discovery will be a waste of effort. *See, e.g.*, *Maldonado v. HSBC Mort. Servs., Inc.*, Case No. 2:16-cv-784-JAD-VCF, 2017 WL 131744, at *2 (D. Nev. Jan. 10, 2017) (denying motion to stay discovery in similar circumstances).

---

[1] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*

1    Accordingly, the Court **DENIES** Defendant's motion to stay discovery, **GRANTS** Plaintiff's
2  motion to file supplemental authority, and **ORDERS** the parties to file a joint proposed discovery plan
3  by January 25, 2017.[2]
4    IT IS SO ORDERED.
5    DATED: January 18, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] The parties present some positions with respect to the length of the discovery period and the manner in which they would like to conduct discovery. The Court declines the invitation for the parties to circumvent the default procedure of presenting such issues in a joint proposed discovery plan.