**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH J. SMITH, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> ONE NEVADA CREDIT UNION, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:16-cv-02156-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF Nos. 6, 12), filed by Defendant One Nevada Credit Union ("Defendant"). Plaintiff Joseph J. Smith ("Plaintiff") filed a Response, (ECF No. 14), and Plaintiff filed a Reply, (ECF No. 17). For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion.[1]

**I.    BACKGROUND**

Plaintiff's Complaint, (ECF No. 1), brings a class action lawsuit on behalf of himself and those similarly situated, asserting claims under the Fair Credit Reporting Act ("FCRA") and challenging Defendant's alleged practice of obtaining consumer credit information without authorization.

Plaintiff alleges that he obtained an auto loan from Defendant in October 2004. (Compl. ¶ 15). By November 2008, Plaintiff alleges that his loan was paid off and his account with

---

[1] Also pending before the Court is Defendant's Motion to Strike Plaintiff's Objection to Defendant's Reply. (ECF No. 24). Plaintiff filed two objections in this series of briefings. (*See* ECF Nos. 15, 22). The arguments in first Objection, (ECF No. 15), are more appropriately raised in Plaintiff's Response, and the Court therefore finds the Objection improper. However, Defendant does not complain about this Objection, and even after adding the Objection to Plaintiff's Response, Plaintiff meets the page limits articulated in the local rules. *See* L.R. 7-3(b). On the other hand, the second Objection, (ECF No. 22), functions as a sur-reply, which are only permitted upon leave of court. L.R. 7-2(b). Because Plaintiff failed to request leave of Court, the Court **GRANTS** Defendant's Motion to strike the second Objection. Further, the Court cautions Plaintiff against filing additional objections rather than fully developing its arguments in appropriate briefings.

Defendant was closed. (*Id.* ¶ 16). Moreover, Plaintiff received a bankruptcy discharge in October 27, 2015. (*Id.* ¶ 19). Accordingly, Plaintiff asserts that even if the account had not been closed, any relationship between Plaintiff and Defendant was extinguished by the bankruptcy discharge. (*Id.* ¶¶ 20–22). After his relationship with Defendant ended, Plaintiff alleges that he did not seek credit of any type from Defendant, that Defendant knew the account had been closed, and yet Defendant obtained information from a credit reporting agency on January 15, 2016, without his authorization or a permissible purpose. (*Id.* ¶¶ 24–31).

Based on these allegations, Plaintiff alleges that Defendant willfully and negligently violated the FCRA. Defendant argues in the instant Motion to Dismiss that: (1) Plaintiff lacks standing to assert such claims; and (2) Plaintiff fails to adequately allege the FCRA violations. (*See* Mot. to Dismiss "MTD", ECF No. 6).

## II. <u>LEGAL STANDARD</u>

### A. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject-matter jurisdiction.[2] Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, courts presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

---

[2] Although Defendant's Motion to Dismiss provides the legal standard for Federal Rule of Civil Procedure ("FRCP") 12(b)(6) failure to state a claim, (Mot. to Dismiss 2:18–3:20, ECF No. 12), the Court also considers the Motion under FRCP 12(b)(1), as the bulk of Defendant's argument implicates the Court's lack of jurisdiction to hear the case for lack of standing. *See, e.g.*, *Manor v. D.R. Horton, Inc.*, No. 2:14-cv-2222-JCM-NJK, 2016 WL 1045484, at *1 (D. Nev. Mar. 15, 2016).

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam). However, where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper. *See id.*

Lack of standing is a defect in subject matter jurisdiction and may be challenged under Rule 12(b)(1). *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). The standing doctrine has a constitutional and a prudential component. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–62, (1992) (constitutional standing), and *Allen v. Wright*, 468 U.S. 737, 751 (1984) (prudential standing)). To satisfy the constitutional component, a plaintiff must meet three requirements: (1) the plaintiff must have suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560–61. The plaintiff bears the burden of establishing these elements, *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990), and must allege sufficient facts to demonstrate that each element has been met, *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

### B. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations

as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

### III. <u>DISCUSSION</u>

#### A. Standing

Defendant relies on the Supreme Court's decision in *Spokeo v. Robins*, 136 S.Ct. 1540, (2016), to argue that Plaintiff's "generalized allegations of an invasion of privacy" resulting from the alleged unauthorized and impermissible pull of his credit report is a mere "innocuous, hyper-technical violation" of the FCRA and does not result in a concrete harm. (MTD 4:21–22, 5:14, ECF No. 6). Plaintiff counters that his allegation that Defendant obtained credit information without a permissible purpose or his written consent as required under the FCRA demonstrate harm to a substantive right—invasion of his privacy—and not a mere procedural violation. (Resp. 6:1–18, ECF No. 14).

In *Spokeo*, Thomas Robins sued Spokeo, Inc., an alleged consumer reporting agency that operates a "people search engine," for publishing inaccurate information about him. *Spokeo*, 136 S.Ct. at 1542. On appeal, the Ninth Circuit Court of Appeals found that Robins had standing to bring suit against Spokeo. *See id.* at 1544–45. Specifically, the Ninth Circuit held that Robins had adequately alleged injury in fact because he stated that "Spokeo violated his statutory rights, not just the statutory rights of other people," and that "Robins's personal interests in the handling of his credit information are individualized rather than collective." *Id.* at 1544. The Supreme Court reversed, finding the Ninth Circuit's standing analysis evaluated only particularization, not concreteness, and was therefore incomplete.[2] The Court observed that "not all inaccuracies [in a credit report] cause harm or present any material risk of harm." *Id.* at 1550. The Court identified as an example of a mere technical or "bare procedural violation," divorced from any other concrete harm, the reporting of an incorrect zip code in a consumer's credit report. *Id.*

Following the Supreme Court's decision in *Spokeo*, courts in the Ninth Circuit have held that willful noncompliance with the FCRA results in concrete harm to a substantive right. *See, e.g.*, *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017) ("The authorization requirement [of the FCRA] creates a right to privacy by enabling applicants to withhold permission to obtain the report from the prospective employer, and a concrete injury when applicants are deprived of their ability to meaningfully authorize the credit check."); *Demmings v. KKW Trucking, Inc.*, No. 3:14-cv-494-SI, 2017 WL 1170856, at *10–11 (D. Or. Mar. 29, 2017); *Terrell v. Costco Wholesale Corp.*, No. C16-1415JLR, 2017 WL 951053, at *5 (W.D. Wash. Mar. 10, 2017); *In re Ocwen Loan Servicing LLC Litig.*, No. 3:16-cv-00200-MMD-WGC, 2017 WL 1289826, at *3–5 (D. Nev. Mar. 3, 2017).

The Court finds the Honorable Judge Miranda Du's well-reasoned opinion in *In re Ocwen Loan Servicing* particularly persuasive. There, Judge Du distinguished between the

plaintiffs' similar allegations of willful and negligent noncompliance with the FCRA. *See In re Ocwen Loan Servicing LLC Litig.*, 2017 WL 1289826, at *3. Likewise, the Court addresses these claims separately.

### 1. *Willful Noncompliance*

With regard to willful noncompliance, Judge Du held that in light of *Spokeo* and the Ninth Circuit's decision in *Syed*, the plaintiffs' allegations that the defendant loan servicer willfully failed to comply with the FCRA by continuing to obtain credit information even after plaintiffs' debts had been discharged in bankruptcy constituted a "concrete harm to a substantive right." *Id.* at *5. The same reasoning applies here to support Plaintiff's argument that "if a plaintiff is claiming an invasion of privacy, . . . the plaintiff need not allege any additional harm to have standing." (Resp. 4:27–28).

Defendant argues that as its customer, "Plaintiff specifically authorized Defendant to obtain credit reporting information concerning Plaintiff." (MTD 9:2–3). This argument rings hollow. The idea that a single authorization to obtain credit reporting information for a once existing account would authorize an institution to continue to obtain such information pertaining to a *terminated* account into perpetuity strains credulity. Defendant does not even attempt to explain why it would require such information for a terminated account beyond its conclusory assertion that it had a permissible purpose in doing so.

Again, Judge Du's opinion is instructive:

> The FCRA is clear that account review inquiries are permissible to determine whether the consumer *continues* to meet the terms of the account. 15 U.S.C. § 1681b(a)(3). The operative word in this provision is "continues," which indicates Congress recognized that once an individual terminated her relationship with a lender it was no longer permissible for the lender to access the account— precisely because the lender would have no reason for doing so. Given that the FCRA was enacted specifically to combat unnecessary and unwanted invasions of consumer privacy and maintain consumer confidentiality in the credit bureau industry, Congress enumerated and clearly established specific permissible

> purposes for a reason. By restricting such improper credit inquiries, Congress recognized the concrete harm that is caused by such inquiries. Just as § 1681b(b)(2)(A)'s disclosure requirement "creates a right to privacy" and results in "concrete injury" when violated, credit inquiries that exceed the scope of § 1681b(a)(3)—as alleged here—invade a plaintiff's right to privacy and result in concrete harm, thereby satisfying Article III standing.

*Id.* at *5.

For the same reasons, the Court finds that Plaintiff has satisfied Article III standing requirements with regard to his willful noncompliance claims.

### 2. *Negligent Noncompliance*

On the other hand, "[a]llegations of negligent noncompliance require a lower burden of proof regarding scienter than willful noncompliance. The FCRA reflects this difference in requiring that the lower burden of demonstrating negligent noncompliance be balanced by a showing of actual damages." *Id.* at *6; *see also* 15 U.S.C. § 1681n(a)(1). Here, Plaintiff alleges that "Defendant's behavior caused Plaintiff to suffer mental and emotional distress as a result of Defendant's invasion of Plaintiff's privacy." (Compl. ¶ 35).

The Court finds that these allegations are too sparse and conclusory to support Plaintiff's negligence claim. "[A] plaintiff must support a claim for damages based on emotional distress with something more than his or her own conclusory allegations." *Myers v. Bennett Law Offices*, 238 F. Supp. 2d 1196, 1206 (D. Nev. 2002). While Plaintiff alleges that he "suffer[ed] mental and emotional distress as a result of Defendant's invasion of Plaintiff's privacy," (Compl. ¶ 35), the Complaint offers no specific facts about how Plaintiff suffered those damages. *See Sion v. SunRun, Inc.*, No. 16-cv-05834-JST, 2017 WL 952953, at *2 (N.D. Cal. Mar. 13, 2017) (finding identical allegation insufficient to allege actual damages necessary to support a negligence claim under the FCRA). Mere recitals of the elements of a cause of

action, supported only by conclusory statements, are insufficient. *Iqbal*, 129 S.Ct. at 1949. Accordingly, the Court dismisses this claim without prejudice.

### B. Failure to Allege Willfulness

Defendant also argues that the Complaint fails to "adequately plead a willful or negligent violation of the statute in order to state a FCRA claim." (MTD 10: 17–18). Because the Court finds *supra* that Plaintiff has failed to sufficiently allege a negligent violation, the Court confines its analysis to willfulness.

A defendant acts "willfully" for purposes of the FCRA if the defendant knowingly or recklessly disregards its statutory duties. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57–58 (2007). "[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. Thus a plaintiff seeking to recover damages under a willfulness theory "must allege, at a minimum, that the defendant's reading of the FCRA is 'objectively unreasonable.'" *Kirchner v. Shred-it USA Inc.*, No. 2:14-1437 WBS, 2014 WL 6685210, at *1 (E.D. Cal. Nov. 25, 2014) (quoting *Safeco*, 551 U.S. at 69).

Plaintiff alleges that "Defendant's actions were willful under 15 U.S.C. §§ 1681n because Defendant was aware of the FCRA's prohibitions on impermissibly pulling consumers' credit reports." (Compl. ¶ 32). Further, Plaintiff alleges that Defendant "submitted a credit report inquiry on January 15, 2016, over seven years after Plaintiff's relationship with Defendant had ended" without a plausible purpose. (*Id.* ¶¶ 26–31). Defendant argues that its "alleged conduct is also protected pursuant to the [FCRA] provision which allow credit information to be obtained ' . . . to determine whether the consumer continues to meet the terms of the account.'" (Resp. 9:11–16) (citing 15 U.S.C. § 1681b(a)(F)(ii)). As discussed *supra*, the FCRA does not support Defendant's assertion with regard to a closed account. *See Syed*, 853

F.3d at 505 (finding willfulness sufficiently pled where FCRA "unambiguously foreclose[d]" the defendant's subjective interpretation of the FCRA). Taking Plaintiff's allegations as true, the Court therefore finds that Plaintiff has adequately alleged facts showing Defendant's interpretation of the FCRA is objectively unreasonable. The Motion to Dismiss is therefore denied as to this claim.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF Nos. 6, 12), is **GRANTED in part** and **DENIED in part**. Plaintiff's claim for negligent violation of the FCRA is **DISMISSED without prejudice**. Plaintiff's claim for willful violation of the FCRA survives. Plaintiff shall have twenty-one days from the filing date of this Order to file an amended complaint should he elect to do so. Failure to file an amended complaint by this date will result in dismissal of Plaintiff's negligent violation claim with prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike, (ECF No. 24), is **GRANTED**. The Clerk shall **STRIKE** Plaintiff's Objection to Defendant's Reply, (ECF No. 22).

**DATED** this __27__ day of June, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge