Abbas Kazerounian, Esq.
*Pro Hac Vice*
Michael Kind, Esq.
Nevada Bar No. 13903
**KAZEROUNI LAW GROUP, APC**
6069 S. Fort Apache Rd., Ste. 100
Las Vegas, NV 89148
Phone: (800) 400-6808
ak@kazlg.com
mkind@kazlg.com

David H. Krieger, Esq.
Nevada Bar No. 9086
**HAINES & KRIEGER, LLC**
8985 S. Eastern Ave., Ste. 350
Henderson, NV 89123
Phone: (702) 880-5554
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff Joseph J. Smith*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Joseph J. Smith, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br>v.<br><br>One Nevada Credit Union,<br><br>Defendant. | Case No.: 2:16-cv-02156-GMN-NJK<br><br>**MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD**<br><br>Hearing: March 5, 2019<br>Time: 11:00 am<br>Courtroom: 7D<br><br>Chief Judge Gloria M. Navarro |

NOTICE IS HEREBY GIVEN that Plaintiff Joseph J. Smith ("Plaintiff") hereby moves this Court for an award of attorneys' fees, costs and an incentive award to the named class representative. The matter will be heard on **March 5, 2019 at 11:00 am**, or as soon thereafter as the matter may be heard, in the United States District Court, District of Nevada, Lloyd D George Courthouse, 333 S Las Vegas Blvd, Las Vegas, NV 89101, Courtroom 7D before the Honorable Chief Judge Gloria M. Navarro.

This motion is based upon the accompanying Memorandum of Points and Authorities, the exhibits attached thereto, all pleadings and papers on file in this action and upon such other matters as the Court deems proper.

DATED this 26th day of December 2018.

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Abbas Kazerounian_____
       Abbas Kazerounian, Esq.
       Michael Kind, Esq.
       6069 South Fort Apache Road, Suite 100
       Las Vegas, NV 89148
       *Attorneys for Joseph J. Smith*

TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................4

II. LITIGATION AND FACTUAL BACKGROUND ......................................4

III. LEGAL STANDARD .............................................................................6

IV. ARGUMENT ........................................................................................7

   A. The requested fees resulted from an agreement reached through arm's length negotiations ...............................................................................7

   B. The requested fees are reasonable, fair, and justified under the percentage-of-the-fund method .......................................................................................9

      1. Class Counsel have obtained excellent results for the Class in comparison to awards made in similar cases.......................................10

      2. The risks of litigation support the requested fees ...............................11

      3. The skill required and quality of work performed support the requested fees  ...................................................................................................12

      4. Class Counsels' undertaking of this Action on a contingency-fee basis supports the requested fees ...............................................................13

   C. The requested fees are reasonable, fair, and justified under the lodestar method ...........................................................................................................15

      1. The number of hours expended are reasonable ...................................16

      2. Class counsels' hourly rates are reasonable  ........................................18

      3. The requested litigation costs are fair and reasonable.........................20

   D. The $5,000 incentive award sought is fair, reasonable and should be approved ...............................................................................................21

V. CONCLUSION ...................................................................................24

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Joseph J. Smith ("Plaintiff") moves this Court for an award of attorneys' fees, costs, and incentive payments as part of this preliminary approved class action settlement. *See* ECF No. 57.

The Settlement creates a common fund in the amount of $600,000.00. Settlement Agreement ("Agr."), ECF No. 55-5, ¶ 32. Each Class member to make a claim will receive a pro-rata share of the common fund. *Id.* at ¶ 69. Pursuant to the terms of the Settlement Agreement, Class Counsel shall move the Court for an award of attorneys' fees ("Motion for Fees") and costs not to exceed 30% of the common fund. *Id.* at ¶ 79. Any award of fees and costs approved by the Court shall be paid from the common fund three days after the Effective Date. Court approval of Class Counsels' attorneys' fees and costs is not a condition of the settlement. *Id*. Additionally, Plaintiff seeks an incentive award of $5,000, the class representative, as compensation for his investment of time, effort, and resources on behalf of the Class.

Plaintiff now seeks an order awarding Plaintiff **$5,000** as an incentive award, **$171,490.33** to Class Counsel in attorneys' fees, which represents about 28.582% of the common fund. Plaintiff further requests **$8,509.67**[1] in costs. This requested fee amount is fair and reasonable when compared to the settlement value as well as the lodestar incurred by Class Counsel.

### II. LITIGATION AND FACTUAL BACKGROUND

Plaintiff filed the initial class action complaint on September 13, 2016 asserting violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, ECF No. 1. Plaintiff asserted that he was a former customer of One Nevada Credit Union ("Defendant"), who was included as a creditor in Plaintiff's bankruptcy in

---

[1] This number of Plaintiff's costs is expected to increase by the time of final approval but Plaintiff will not seek any more than the current $8,509.67 in costs.

the U.S. Bankruptcy Court, District of Nevada. *Id.* Plaintiff learned by reviewing his credit report that Defendant had still conducted soft pulls of his credit file after his bankruptcy discharge date for the alleged purpose of conducting account reviews. *Id.*

As a result of discovery, Plaintiff learned that his credit report was accessed along with <u>all other customers</u> of Defendant in January 2016. Plaintiff's position is that the January 2016 batch credit pull lacked any permissible purpose under the FCRA. Plaintiff therefore filed his First Amended Complaint on July 18, 2017, asserting a broader class definition than originally anticipated. ECF No. 43. Defendant filed its Answer on August 1, 2017. ECF No. 48.

Defendant vigorously denies all claims asserted in the Action and denies all allegations of wrongdoing and liability. *Id.* Defendant further maintains that even if its conduct was unlawful, it was not the result of willful conduct, and so neither Plaintiff nor the class members are entitled to damages.

After completion of some discovery, and once the parties were fully apprised of the strengths and weaknesses of their respective positions, on May 19, 2017 the parties participated in a mediation conducted by Hon. Jackie Glass (Ret.) through Advanced Resolution Management here in Las Vegas. The mediation brought the parties together but no settlement was reached. On August 25, 2017, the parties, again, participated in a mediation conducted by Judge Glass (Ret.) through Advanced Resolution Management. Shortly thereafter, a settlement was reached and this Court approved the Motion for Preliminary Approval on September 16, 2018. ECF No. 57.

The Agreement, as preliminarily approved by the Court, recognizes the benefit conferred upon the class by Plaintiff and Class Counsel, and acknowledges Plaintiff's right to seek recovery for his reasonable attorneys' fees and expenses. In this regard, the Agreement provides that Plaintiff may petition the Court for an award of attorneys' fees and costs up to 30% of the common fund. The requested

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148

fee amount is fair and reasonable when compared to the settlement value as well as the lodestar incurred by Class Counsel.

## III.  LEGAL STANDARD

The Federal Rules of Civil Procedure provide that "[i]n a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties agreement." Fed. R. Civ. P. 23(h). Pursuant to the terms of the Settlement Agreement in this case, Class Counsel shall move the Court for an award of attorneys' fees and costs not to exceed 30% of the amount actually contributed to the common fund.  Agr., ¶ 79.

Additionally, Plaintiff is entitled to attorneys' fees pursuant to the FCRA. The FCRA provides that in "the case of any successful action to enforce any liability under this section," the consumer shall recover "the costs of the action together with reasonable attorney's fees as determined by the court." 15 U.S.C. § 1681o(a)(2). The purpose of awarding attorney fees under the FCRA is to encourage enforcement of the statute by consumers, acting as "private attorneys general." *See Bryant v. TRW, Inc.*, 689 F.2d 72, 79 (5th Cir. 1982).

In common fund cases such as this one, courts within the Ninth Circuit have discretion to use one of two methods to determine whether the fee request is reasonable: (1) percentage-of-the-fund; or, (2) lodestar plus a risk multiplier. *Staton v. Boeing Co.*, 327 F.3d 938, 967-68 (9th Cir. 2003); *see also In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010). "Though courts have discretion to choose which calculation method they use, their discretion must be exercised so as to achieve a reasonable result."  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

Class Counsel maintain the request for attorneys' fees is reasonable based upon the results achieved but also upon the extensive arm's length formal negotiations that serve as independent confirmation of the fairness of the settlement, including attorneys' fees.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148

Cir. 1998). The requested fees are also fully supported under the percentage-of-the-fund and lodestar approach, which Class Counsel offer as an additional and optional means of cross-checking the requested fees.

## IV. ARGUMENT

"Once a party has established that he is entitled to attorneys' fees, '[i]t remains for the [] court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Here, as established below and in the attached declarations of counsel, payment of the requested attorneys' fees is reasonable under the both the percentage-of-the-fund and lodestar approach.

### A. The requested fees resulted from an agreement reached through arm's length negotiations

While attorneys' fee provisions included in class action settlements are subject to the determination of whether the provision is fundamentally fair, adequate and reasonable, the Ninth Circuit has opined that "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit <u>must be limited to</u> the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon*, 150 F.3d at 1027 (emphasis added) citing *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982); *see also Lundell v. Dell, Inc.*, 2006 WL 3507938 (N.D. Cal. Dec. 5, 2006).

In *Hanlon*, the Ninth Circuit found that where settlement terms, including attorneys' fees, are reached through formal mediation, the court may rely upon the mediation proceedings "as independent confirmation that the fee was not the result of collusion or a sacrifice of the interests of the class." 150 F.3d at 1029; *see also Milliron v. T-Mobile USA, Inc.*, 2009 WL 3345762, at *5 (D.N.J. Sept. 14, 2009) ("the participation of an independent mediator in settlement negotiation virtually

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148

insures that the negotiations were conducted at arm's length and without collusion between the parties"); *Sandoval v. Tharaldson Emp. Mgmt., Inc.*, 2010 WL 2486346, at *6 (C.D. Cal. June 15, 2010) ("the assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive"); *Dennis v. Kellogg Co.*, 2010 WL 4285011, at *4 (S.D. Cal. Oct. 14, 2010) (the parties engaged in a "full-day mediation session," which helped to establish that the proposed settlement was noncollusive); *see also* 2 McLaughlin on Class Actions, § 6:7 (8th ed.) ("A settlement reached after a supervised mediation receives a presumption of reasonableness and the absence of collusion").

Here, and as previously stated in Plaintiff's Motion For Preliminary Approval of Class Action Settlement, the settlement resulted from extensive arm's length negotiations. Preliminary Approval Motion, ECF No. 55.  Specifically, the parties attended mediation facilitated by Judge Glass through Advanced Resolution Management on two separate occasions—three months apart.  Only after the two mediation sessions, and with the experienced guidance of Judge Glass, the parties agreed to settle this Action, subject to further negotiations, through the assistance of Judge Glass, and this Court's approval.

Under these circumstances, this Court may give deference to the mediation proceedings and the judgment of the parties regarding the reasonableness of fees. The arm's length negotiations, especially those before Judge Glass, serve as "independent confirmation" of the reasonableness of the settlement's terms on which Plaintiff based the request for attorneys' fees, costs, and incentive award sought by this Motion. *See Hanlon*, 150 F.3d at 1029.  Additionally, the requested fee is wholly supported by the percentage-of-the-fund and lodestar methods, which the Court may employ as a means of assessing the reasonableness of the requested fee.

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148

**B.** **The requested fees are reasonable, fair, and justified under the percentage-of-the-fund method**

Courts consider a number of factors to determine the appropriate percentage of the fund to awarding as attorneys' fees in a common fund case including: (a) the results achieved; (b) the risk of litigation; (c) the skill required and the quality of work; (d) the contingent nature of the fee; and (e) awards made in similar cases. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047, 1048-1050 (9th Cir. 2002).

While the "benchmark" percentage for attorney's fees—not including costs—in the Ninth Circuit is 25% of the common fund, *Id.* at 1047, "in most common fund cases, the award exceeds that benchmark." *E.g.*, *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2007) (awarding 28% of the Settlement Fund) (citing *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1998)). This is especially so in cases where the class is relatively small. *See Morales v. Stevco, Inc.*, 2013 U.S. Dist. LEXIS 41799, *11 (E.D. Cal. Mar. 22, 2013) (In "cases under $10 Million, the awards more frequently will exceed the 25% benchmark.") (citing *Lopez v. Youngblood*, 2011 U.S. Dist. LEXIS 99289, *36 (E.D. Cal. Sep. 1, 2011)); *see also Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 448 (E.D. Cal. 2013) ("[t]he typical range of acceptable attorneys' fees in the Ninth Circuit is 20 percent to 33.3 percent of the total settlement value"); *Barrow v. JPMorgan Chase Bank, N.A.*, No. 1:16-cv-03577-AT, 2018 U.S. Dist. LEXIS 189478, at *10 (N.D. Ga. Nov. 5, 2018) (awarding 30% of the Settlement Fund for fees and costs in TCPA class action). "[A]bsent extraordinary circumstances that suggest reasons to lower or increase the percentage, the rate should be set at 30%." *Omnivision*, 559 F. Supp. 2d at 1048 citing *In re Activision,* 723 F.Supp. at 1378.

Attorneys' fees are often paid from the common fund, thereby reducing class members' recovery, as is this case here. Class Counsel's request for attorneys' fees in the amount of $171,490.33 equates to approximately 28.582% of the $600,000 Settlement Fund, which is reasonable considering the recent precedent, as well as the

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148

risks and results obtained in this Settlement. This fee request is unopposed by Defendant. Also, the Settlement Class Members were adequately apprised that Class Counsel would be seeking up to 30% of the Settlement Fund in attorneys' fees in the class notice.

In addition, the fee request is fully supported by the factors enunciated in *Vizcaino* including: (a) the results achieved; (b) the risk of litigation; (c) the skill required and the quality of work; (d) the contingent nature of the fee; and, (e) awards made in similar cases.

### 1. Class Counsel have obtained excellent results for the Class in comparison to awards made in similar cases

The results obtained for the class are generally considered to be the most important factor in determining the appropriate fee award in a common fund case. *See Hensley,* 461 U.S. 424 at 435; *Omnivision*, 559 F. Supp. 2d at 1046; *see also* Federal Judicial Center, *Manual for Complex Litigation*, § 27.71, p. 336 (4th Ed. 2004) (the "fundamental focus is on the result actually achieved for class members") (citing Fed. R. Civ. P. 23(h) committee note). Standing alone, this factor supports Class Counsel's fee request.

The Settlement obtained by Plaintiff and Class Counsel provides a superior recovery for Settlement Class Members as compared to similar FCRA cases, despite the uncertainty of recovery in FCRA impermissible pull class actions. The Agreement provides for $600,000 in recovery for the approximately 87,348 Settlement Class Members.[2] After deducting attorneys' fees and costs, a service awards to Plaintiff, and costs of notice and claims administration, every Class Member who makes a timely and valid claim will be entitled to a *pro rata* distribution of the Settlement Fund.

---

[2] In the Preliminary Approval Motion, the parties estimated the class size to be approximately 115,000. The final class list, however, included only 87,348 members.

Significantly, the Class Members' anticipated recovery here is greater than the results in other FCRA class settlements. Very few other FCRA impermissible account review inquiry settlements have been reached wherein a common fund was created. Plaintiff's counsel contends that the Settlement exceeds the results in other similar FCRA impermissible account review cases. *Duncan v. JPMorgan Chase Bank, N.A.* involved a $8.75 million settlement for the approximately 2.2 million class members - so approximately $3.97 per class member <u>gross</u> (the final amount was $10.79 per claiming member). No. SA-14-CA-00912-FB, 2016 U.S. Dist. LEXIS 122663, at *49 (W.D. Tex. May 23, 2016). *Pastor, et al. v. Bank of America NA* involved a $1.6 million settlement for approximately 537,000 class members. No. 3:15-cv-03831 (N.D. Cal. 2017). So *Pastor* grossed about $2.97 per member (the actual amount was $4.06 per claiming member).

The gross per class member in this case is $6.86 ($600,000 divided by 87,348). The actual cash payment available to class members in this settlement will likely be significantly greater per person than the *Duncan* and *Pastor* cases.

Other known class action account review cases that have settled have provided non-cash relief.  *See*, *e.g.*, *Barel v. Bank of America*, 255 F.R.D. 393, 402 (E.D. Pa. 2009) (credit report monitoring); *Nienaber v. Citibank*, No. Civ. 04-4054 (S.D.) (credit report monitoring); *Perry v. FleetBoston Corp.*, 229 F.R.D. 105, 110 (E.D. Pa. 2005) (two credit reports and scores); *Keener v Sears*, 03-cv-1265 (C.D. Cal) (coupon for Sears store products). Thus, the results achieved in this case support an award of the requested fees.

## 2.  The risks of litigation support the requested fees

"The risk that further litigation might result in Plaintiffs not recovering at all, particularly a case involving complicated legal issues, is a significant factor in the award of fees." *Omnivision*, 559 F. Supp. 2d at 1046-47; *Vizcaino*, 290 F.3d at 1048 (risk of dismissal or loss on class certification is relevant to evaluation of a requested fee).

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148

1       In litigating this matter, Plaintiff has identified significant burdens that each

2   Class Member would bear in the event that Plaintiff's and Defendant's settlement is

3   not approved. These challenges include the difficulties in determining whether

4   Defendant's actions in obtaining the credit report were unlawful and/or willful and

5   what actual damages, if any, were sustained by class members. Also, certifying the

6   class poses additional massive hurdles. These significant risks make the global class

7   settlement obtained by Plaintiff all the more beneficial to the Class Members while

8   also providing finality for Defendant.

9       As discussed in the Preliminary Approval Motion, liability and damages may

10  have to be determined on a case-by-case basis, with each class member having to

11  meet their burden of proof.  This would be extremely time-consuming for the class

12  members, Defendant, and especially for the court system.

13      Consequently, the risks of continued litigation not only depicts the high

14  degree of results obtained for the Class, but also further support the reasonableness

15  of the requested fees.

16  **3.  The skill required and quality of work performed support the**

17      **requested fees**

18      The "prosecution and management of a complex [] class action requires

19  unique legal skills and abilities" that are to be considered when evaluating fees.

20  *Omnivision*, 559 F. Supp. 2d at 1047.  Class Counsel are experienced consumer and

21  class action litigators who have been appointed class counsel in numerous consumer

22  class actions. Class Counsel have successfully prosecuted numerous complex

23  consumer class actions, and have secured noteworthy recoveries for those classes.

24  *See* Kazerounian Dec., ¶¶ 42-47.  Class Counsel's proven track record demonstrates

25  not only the quality of work performed, but also the skill required to successfully

26  prosecute large complex class actions.

27      In the present case, Class Counsel performed factual investigation prior to

28  bringing the action, overcame Defendant's motion to dismiss on Plaintiff's willful

KAZEROUNI LAW GROUP, APC<br>6069 S. Fort Apache Rd., Suite 100<br>Las Vegas, NV 89148

claims and conducted extensive written and deposition discovery. *See* Orders, ECF Nos. 33 (order on motion to stay discovery), 39 (order on motion to dismiss). Class Counsel participated in lengthy negotiations, including two mediation sessions with Judge Glass, which ultimately secured a settlement for the benefit of the Class. Kazerounian Dec., ¶ 29-36.

As an example of the quality of work performed in this case, during discovery class counsel uncovered that Defendant's alleged violations was far greater than originally believed. Specifically, in the Amended Complaint, Plaintiff alleged that Defendant violated the FCRA as to <u>all</u> of its customers, current and past. It was previously alleged that Defendant's FCRA violations were limited to former customers or those customers that had received a bankruptcy discharge. *Compare* Compl., ECF No. 1 *with* Am. Compl., ECF No. 43.

FCRA class action litigation is often complex. In addition to keeping themselves apprised of pertinent case law and agency rulings, Mr. Kazerounian has lectured on consumer law issues on numerous occasions. *See* Kazerounian Dec., ¶¶ 48-77. Thus, Class Counsels' skill and expertise reflected in the relatively prompt and significant Settlement, supports the requested fees.

### 4. Class Counsels' undertaking of this Action on a contingency-fee basis supports the requested fees

The Ninth Circuit has long recognized that the public interest is served by rewarding attorneys who undertake representation on a contingent basis by compensating them for the risk that they might never be paid for their work. *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d at 1299 ("Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for Plaintiffs who could not afford to pay on an hourly basis regardless of whether they win or lose"); *Vizcaino*, 290 F.3d at 1051 (courts reward successful class counsel in contingency cases "for taking risk of nonpayment by paying them a

premium over their normal hourly rates").

Class Counsel prosecuted this matter on a purely contingent basis while agreeing to advance all necessary expenses knowing that Class Counsel would only receive a fee if there were a recovery.  *See* Kazerounian Dec., ¶ 82; Krieger Dec., ¶ 16; Kind Dec., ¶ 59. In pursuit of this litigation, Class Counsel have spent considerable time and money by, among other things, investigating the action; conducting discovery; negotiating the settlement; overseeing administration of the Settlement; and responding to Class Member inquiries. Class Counsel expended these resources despite the risk that Class Counsel may never be compensated.

Plaintiff's counsel have incurred $8,509.67 in costs and will have spent 337.9 hours litigating this action. Kazerounian Dec., ¶¶ 78-81; Krieger Dec., ¶¶ 10-15; Kind Dec., ¶¶ 53-58.  Thus, Plaintiff's counsels' "substantial outlay, when there is a risk that none of it will be recovered, further supports the award of the requested fees" in this matter.  *Omnivision*, 559 F. Supp. 2d at 1047.

As articulated above, the percentage-of-the-fund method is the preferred and most widely used method for determining attorneys' fees in a common fund case. The requested 28.582% of the fund is fully supported by the factors enunciated by *Vizcaino* and is commensurate with the excellent results obtained for the Class and is comparable or in excess of awards in other FCRA cases, namely *Duncan* and *Pastor.*

While the requested fees are fully supported by the percentage-of-the-fund method, it should again be noted that the application of the percentage-of-the-fund method is optional and may be applied at the Court's discretion. In addition, the Court may also apply the lodestar method as another optional means of cross-checking the requested fees.

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148

**C.    The requested fees are reasonable, fair, and justified under the lodestar method**

A court applying the percentage-of-the-fund method may use the lodestar method as a "cross-check on the reasonableness of a percentage figure." *Vizcaino*, 290 F.3d at 1050.  A cross-check, however, is *optional*.  *See Glass v. UBS Fin. Servs.*, 2007 U.S. Dist. LEXIS 8476, at *48 (N.D. Cal. Jan. 26, 2007) (finding that "where the early settlement resulted in a significant benefit to the class," there is no need "to conduct a lodestar cross-check").  If the Court chooses to perform such a cross-check in this matter, it will confirm that $171,490.33 in attorneys fees, is reasonable.  Primary reliance should be placed on the percentage-of-the-fund method in common fund cases such as this one. *See In re Rite Aid Corp. Securities Litigation*, 396 F.3d 294, 307 (3d Cir. 2005)) ("the lodestar cross-check does not trump the primary reliance on the percentage of common fund method").[3]

The first step in the lodestar-multiplier approach is to multiply the number of hours counsel reasonably expended by a reasonable hourly rate.  *Hanlon*, 150 F.3d at 1029.  Once this raw lodestar figure is determined, the Court may then adjust that figure based upon its consideration of many of the same "enhancement" factors considered in the percentage-of-the-fund analysis, such as: (1) the results obtained;

---

[3] *See Silber and Goodrich, Common Funds and Common Problems: Fee Objections and Class Counsel's Response*, 17 RevLitig 525, 534 (1998) (the percentage approach avoids numerous drawbacks of the lodestar approach and is preferable because "the attorneys will receive the best fee when the attorneys obtain the best recovery for the class. Hence, under the percentage approach, the class members and the class counsel have the same interest — maximizing the recovery of the class."). *See also In Re Activision*, 723 F. Supp. at 1378-1379 (holding that the percentage method is preferred over the lodestar method and finding it encourages efficiencies and early resolution); *In re Omnivision*, 559 F. Supp. 2d at 1046 ("[U]se of the percentage method in common fund cases appears to be dominant."); *Bluetooth*, 654 F.3d at 942 ("Because the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar.").

(2) whether fee is fixed or contingent; (3) the complexity of the issues involved; (4) the preclusion of the other employment due to acceptance of the case; and, (5) the experience, reputation, and ability of the attorneys. *See Kerr v, Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[4]

### 1. The number of hours expended are reasonable

The accompanying declarations of Class Counsel set forth the hours of work and billing rates used to calculate their lodestar and are summarized below:

| PERSON: | RATE: | HOURS: | TOTAL: |
|---|---|---|---|
| ABBAS KAZEROUNIAN | $675 | 72 | $48,600.00 |
| MICHAEL KIND | $275 | 199.7 | $54,917.50 |
| DAVID KRIEGER | $495 | 66.2 | $32,769.00 |
| TOTAL: | | **337.9** | **$136,286.50** |

*See* Kazerounian Dec., ¶¶ 78-81; Krieger Dec., ¶¶ 10-15; Kind Dec., ¶¶ 53-58.

As described in the accompanying declarations, Plaintiff's attorneys have devoted, including expected additional work, a total of 337.9 hours[5] to this litigation, and have a total lodestar $136,286.50, which represents a reasonable multiplier of approximately 1.259. *See Id*.

A multiplier of between 4 and 5 in complex cases is not uncommon. *See*

---

[4] The risk inherent in contingency representation is a critical factor. The Ninth Circuit stresses that "[i]t is an abuse of discretion to fail to apply a risk multiplier when...there is evidence that the case was risky." *Fischel v. Equit. Life Assurance Soc'y*, 307 F.3d 997, 1008 (9th Cir. 2002); *see also Glass*, 2007 U.S. Dist. LEXIS 8476, at *16.

[5] Plaintiff's counsel provide in their respective declarations a summary of major tasks performed and time expended. *See Sablan v. Department of Finance of Com. of Northern Mariana Islands*, 856 F.2d 1317 (9th Cir. 1988) (attorney-fee award need not be preceded by an evidentiary hearing when the record and supporting affidavits are sufficiently detailed to provide an adequate basis for calculating the award and the material facts necessary to calculate the award are not genuinely in dispute). Detailed billings are available upon request by the Court.

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148

*Steiner v. Am. Broad. Co., Inc*., 248 F. App'x 780, 783 (9th Cir. 2007) (approving multiplier of 6.85); *In re Linerboard Antitrust Litig.*, No. 1261, 2004 U.S. Dist. LEXIS 10532, 2004 WL 1221350, at * 16 (E.D. Pa. June 2, 2004) (noting that "during 2001-2003, the average multiplier approved in common fund class actions was 4.35") (citation omitted); *In re Beverly Hills Fire Litigation*, 639 F. Supp. 915 (E.D. Ky. 1986) (awarding multiplier of 5 for lead counsel); *Di Giacomo v. Plains All Am. Pipeline*, 2001 U.S. Dist. LEXIS 25532 (S.D. Tex. Dec. 18, 2001) (approving 5.3 multiplier); *Krakauer v. Dish Network*, No. 1:14-CV-333, 2018 U.S. Dist. LEXIS 203725, at *15 (M.D.N.C. Dec. 3, 2018) (4.39 multiplier). As the Ninth Circuit noted in *Vizcaino,* "courts have routinely enhanced the lodestar to reflect the risk of non-payment in common fund cases." 290 F.3d at 1051. In *Viczaino*, the court analyzed a table of multipliers that had been used in other cases and approved a multiplier of 3.65 for that case. *Id.*

The 337.9 attorney hours include additional time that Class Counsel will likely spend going forward in seeking final approval of, and implementing the Settlement, including assisting Class Members with claims and overseeing claims administration,[6] and preparing and filing the motion for final approval of class action settlement. *See* Kazerounian Dec., ¶ 79 (25 additional hours estimated); Kind Dec., ¶ 54 (same); Krieger Dec. ¶ 11 (same).

Class Counsel's lodestar with a 1.259 multiplier is therefore reasonable. Class Counsel prosecuted the claims at issue efficiently and effectively, making every effort to prevent the duplication of work that might have resulted from having two firms working on this case. In this regard, tasks were reasonably divided among firms to ensure avoiding the replication of work. Further, tasks were delegated appropriately among partners, associate attorneys, paralegals, and other staff. Class Counsel did not include hours incurred by paralegals and other support staff in their fees request. *See* Kazerounian Dec., ¶ 78; Krieger Dec., ¶ 12; Kind Dec., ¶ 57.

[6] The claims deadline is January 24, 2019. Order, ECF No. 57.

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148

Further, Class Counsel took this case on a contingent basis. "It must be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Given this absence of incentive to spend unnecessary hours, the Court should defer to Class Counsel's professional judgment concerning the number of hours reasonably required to reach a successful resolution of the case.

## 2. Class counsels' hourly rates are reasonable

Similarly, Class Counsels' hourly rates are reasonable. In assessing the reasonableness of an attorney's hourly rate, courts consider whether the claimed rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stevenson*, 465 U.S. 886, 895, n.11 (1994); *see also Davis v. City and County of San Francisco*, 976 F.3d 1536, 1546 (9th Cir. 1992); *Serrano v. Unruh*, 32 Cal. 3d 621, 643 (1982). Class Counsel here are experienced, highly regarded members of the bar with extensive expertise in the area of class actions and complex litigation involving consumer claims like those at issue here. *See* Kazerounian Dec., ¶¶ 42-77; Kind Dec., ¶¶ 35-52; Krieger Dec., ¶¶ 4-9.

Mr. Kazerounian is an adjunct professor at California Western School of Law teaching a consumer law course and has extensive experience in litigating consumer class actions. Kazerounian Dec., ¶¶ 42-77. Mr. Kazerounian has been previously approved for $675 per hour. *Id*. at ¶ 80; *Dowlatshahi v. McIlhenny Co.*, No. 30-2017-00911222-CU-NP-CXC (Cal. Sup. Ct., Oct. 10, 2018) (approving Mr. Kazerounian for $675 per hour in consumer class action); *Ayala, et al, v. Triplepulse, Inc. dba Trubrain*, No. BC655048 (Cal. Sup. Ct., Nov. 13, 2018) (approving Mr. Kazerounian for $675 per hour in consumer false advertising class action); *see also Anderson v. Phoenix Fin. Servs.*, No. BCV-16-101385 (Cal. Sup. Ct., Jul. 23, 2018) (approving Mr. Kazerounian for $645 per hour in consumer

KAZEROUNI LAW GROUP, APC<br>6069 S. Fort Apache Rd., Suite 100<br>Las Vegas, NV 89148

deceptive collection practices class action); *Calderon v. Wolf Firm, Inc.*, No. 16-1266-JLS (KESx), 2018 U.S. Dist. LEXIS 159435, at *17 (C.D. Cal. Sep. 18, 2018) ("[C]ourts have repeatedly approved of rates of $625 an hour for Kazerounian.").

Mr. Krieger's rate of $495 is also reasonable. He has extensive experience in consumer-related litigation and bankruptcy cases. Krieger Dec., ¶¶ 10-15. Mr. Krieger was approved for $450 in cases back in 2013. *Id.*; *Serrano, et al v. Account Discovery Systems, Inc.*, No. 2:13-cv-00260-GMN-GWF (D. Nev.); *Grider v. Dollar Loan Center, LLC et al*, No. 2:13-cv-01731-KJD-CWH (D. Nev.). Since 2013 Mr. Krieger has gained additional experience and skill, rendering his $495 rate reasonable.

The billing rate for the partners (Mr. Kazerounian and Mr. Krieger) is well within the normal range of fees charged by firms in the Ninth Circuit for partner work. *See Hartless v. Clorox Co.*, 273 F.R.D. 630, 643-44 (S.D. Cal. 2011), *aff'd in part*, 473 F. Appx. 716 (9th Cir. 2012) (approving hourly rates of $675-795 for partners, up to $410 for associates, and up to $345 for paralegals); *see also POM Wonderful, LLC v. Purely Juice, Inc.*, 2008 WL 4351842 at *4 (C.D. Cal) (finding partner rates of $475 to $750 and associate rates of $275 to $425 reasonable); *Shames v. Hertz Corp.*, 2012 U.S. Dist. LEXIS 158577, *60 (S.D. Cal. Nov. 5, 2012) ("[t]he National Law Journal data reveals that rates at six national defense firms with San Diego offices averaged between $550 and $747 per hour for partners and $346 and $508 per hour for associates."); *Rutti v. Lojack Corp.*, 2012 U.S. Dist. LEXIS 107677, 19 Wage & Hour Cas. 2d (BNA) 938, 2012 WL 3151077 (C.D. Cal. July 31, 2012) (approving hourly rates of $650 and $750 in FLRA class action).

Additionally, Michael Kind of Kazerouni Law Group, APC, who has contributed much to this litigation, has significant experience in litigating consumer actions, which justifies his hourly rate of $275. *See* Kind Dec., ¶¶ 35-52, 56. Mr. Kind is also experienced in litigating consumer cases, including class actions, and

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148

seeks an hourly rate of $275. *Id*. Mr. Kind has been approved by this Court for $250 in as early as December 2016. *Id*. at ¶ 55; *Moye v. Halsted Financial Services, LLC*, No. 2:14-cv-01339-JAD-VCF (D. Nev. 2016). He has been approved for his requested rate of $275 in *Robbins v. USA Auto*, No. A-17-754436-C (8th Jud. Dist. Nev., May 2018). *See* Kind Dec., ¶ 56.

Therefore, Class Counsels' hourly rates and combined lodestar of $171,490.33, that includes a multiplier of 1.259 is reasonable.

### 3. The requested litigation costs are fair and reasonable

"Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) (citing *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-392 (1970). The significant litigation expenses Class Counsel incurred in this case were necessary to secure the resolution of this litigation. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal. 2007) (finding that costs such as filing fees, photocopy costs, travel expenses, postage, telephone and fax costs, computerized legal research fees, and mediation expenses are relevant and necessary expenses in class action litigation). Based upon the discussion herein, Class Counsel believe that the costs incurred in this matter are fair and reasonable.

Throughout the course of this litigation, Class Counsel had to incur costs totaling $8,509.67 Kazerounian Dec. ¶ 83; Kind Dec., ¶ 58; Ex. A. These costs were necessary to secure the resolution of this litigation and Class Counsel put forward said costs without assurance that Class Counsel would ever be repaid.  Most of the costs were incurred for the mediation sessions, travel, and depositions. *Id*.

In light of the expenses Class Counsel were required to incur to bring this case to its current settlement posture, the request for (current) costs of $8,509.67 is reasonable. Class Counsel will likely incur additional costs as this case moves to the final approval stage but will not request an award for those additional costs.

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148

**D.    The $5,000 incentive award sought is fair, reasonable and should be approved**

As the Ninth Circuit has recognized, "named Plaintiffs, as opposed to designated class members who are not named Plaintiffs, are eligible for reasonable incentive payments." *Staton*, 327 F.3d at 977; *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (service awards "are fairly typical in class action cases"). Such awards are intended to compensate class representatives for work done on behalf of the class [and] make up for financial or reputational risk undertaken in bringing the action." *Id*. Incentive awards, such as those requested here, promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits. Here, the Agreement calls for a payment of $5,000.00 to the named class representative as an incentive award for his expenditure of time, effort, and resources in undertaking this action on behalf of the class. This entire litigation would not have been possible without Plaintiff's involvement and cooperation with Class Counsel.

First, "the proportion of the payments relative to the settlement amount" supports Plaintiff's requested incentive award. In *Pastor*, a recently approved almost identical case, the court approved $20,000 in incentive awards ($5,000 for each of the four plaintiffs), representing 1.25% of the total fund ($1.2 Million). Here, Plaintiff seeks $5,000, only about 0.834% of the total settlement fund. Thus, the requested amount satisfies an analysis of "the proportion of the payments relative to the settlement amount." *See* Order, ECF No. 57, p. 15 citing *Staton*, 327 F.3d at 977.

Second, the "size of [the] payment," factor in *Stanton* is also satisfied. In *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 947-948 (9th Cir. 2015) the Ninth Circuit approved $5,000 incentive awards, even though they were "roughly 417 times larger than the $12 individual award." *Id*. The Court contrasted *Stanton* where the incentive awards amounted to 6% of the total settlement and cited to

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148

*Stanton* in saying that $5,000 was reasonable. *Id.* (upholding incentive awards of $5,000 for each of nine class representatives); *see also Feist v. Petco Animal Supplies, Inc.*, No. 3:16-cv-01369-H-MSB, 2018 U.S. Dist. LEXIS 197186, at *17 (S.D. Cal. Nov. 16, 2018) (finding $5,000 awards to be fair where the "plaintiffs have protected the interests of the class by engaging in investigation and discovery, attending an early neutral evaluation conference, and assisting counsel with other aspects of the case."); *Wahl v. Yahoo! Inc*., No. 17-cv-02745-BLF, 2018 U.S. Dist. LEXIS 195287, at *19 (N.D. Cal. Nov. 15, 2018) (awarding $5,000 as incentive and noting that "Incentive awards typically range from $2,000 to $10,000") (citing *Bellinghausen v. Tractor Supply Co*., 306 F.R.D. 245, 267 (N.D. Cal. 2015)); *Hopson v. Hanesbrands Inc*., No. CV-08- 0844; 2009 U.S. Dist. LEXIS 33900, at *27-28 (N.D. Cal. Apr. 3, 2009) (awarding $5,000 incentive payment and finding that "in general, courts have found that $5,000 incentive payments are reasonable"); *Eddings v. Health Net, Inc*., No. CV 10-1744-JST (RZx), 2013 U.S. Dist. LEXIS 84811, at *22 (C.D. Cal. June 13, 2013) (granting a $6,000 incentive award in wage and hour class action); *Ordick v. UnionBanCal Corp*., No. C 10-5565, 2012 U.S. Dist. LEXIS 171413, at *11 (N.D. Cal. Dec. 3, 2012) (awarding $5,000 to named plaintiffs where "the settlement was reached at the early stages of litigation"); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (approving service awards of $5000); *Fitzgerald v. City of Los Angeles*, No. CV 03-01876, 2003 U.S. Dist. LEXIS 27382, at *9 (C.D. Cal. Dec. 8, 2003) (awarding $3,500 each to class representatives in early settlement case); *Torres v. Pet Extreme*, No. 07-CV-2174, 2015 U.S. Dist. LEXIS 5136, at *34-36 (E.D. Cal. Jan. 15, 2015) (awarding $2,500 as fair and reasonable in an action that was filed less than a year prior to settlement, extensive discovery was not conducted, the parties did not participate in mediation, and no disputed motions were filed). Here, the size of the payment is in line with similar class actions and has been recognized as reasonable by the Ninth Circuit.

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148

Third, the award is appropriate in light of "the actions the plaintiff has taken to protect the interests of the class." *Staton*, 327 F.3d at 977. Here, Plaintiff has done everything that might be expected from a diligent plaintiff and class representative. Since before the case was filed on September 13, 2016, Plaintiff actively participated in the case, including by reviewing documents and pleadings and providing whatever documents or information class counsel needed. *See* Smith Dec., ¶¶ 1-8. Plaintiff made himself available to review all documents, and thoroughly prepare for his deposition. *See Id.* Plaintiff gave his deposition testimony on July 17, 2017.[7] Plaintiff also always made himself available to speak to his attorneys, discuss settlement, including setting aside time to be available to counsel on May 19, 2017 and August 25, 2017 for the two mediation sessions, and reviewing and approving the settlement agreement. *See Id.* The participation and assistance provided by Mr. Smith was critical to the success of this litigation. Without Mr. Smith's commitment to come forward and serve as Class Representative, this litigation, which challenges businesses' alleged unlawful practices related to consumer report inquiries, would not have been possible.

Importantly, in agreeing to serve as Class Representative, Plaintiff formally accepted the responsibilities of representing the interests of all Class Members. *See Id.* Plaintiff gave up his time and took risks to his reputation in filing a lawsuit against a major credit union, not knowing whether he would be compensated for his time and efforts. The parties' agreement regarding the incentive award was made only *after* agreeing to all other material terms. Agr., ECF No, 55-5, ¶¶ 82-83.

Fourth, the "degree to which the class has benefited from those actions" is also apparent. Plaintiff's case has resulted in a $600,000 settlement for about 87,348 class members, which is an exceptional result, as discussed above.

---

[7] Plaintiff's sincerity and concerns of privacy for the class members were apparent in his deposition testimony and may have strongly contributed to finalizing the settlement in this case. Counsel will provide a copy of Plaintiff's deposition transcript to this Court, as needed.

Moreover, the expanded class definition, as defined in the Amended Complaint and Preliminary Approval Motion, is a result of discovery in this case, filed by Plaintiff.

For all these reasons, the award should be found to be reasonable in light of the "the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton*, 327 F.3d at 977. Plaintiff has made himself available from before September 2016 (when this case was filed) through today—over two years of litigation.

In sum, the $5,000 incentive award is more than reasonable and in line with similar incentive awards granted by courts in class action cases. Plaintiff therefore requests that the $5,000 incentive award, being unopposed, fair and reasonable, and in line with payments awarded in other class actions, should be approved.

## V. CONCLUSION

For the foregoing reasons, Plaintiff and Class Counsel respectfully request that this Court grant an award of attorneys' fees in the total amount of **$171,490.33** (approximately 28.582% of the Settlement Fund), litigation costs of **$8,509.67**, and an incentive or service award in the amount of **$5,000** to the Class Representative— Plaintiff Joseph J. Smith.

DATED this 26th day of December 2018.

Respectfully Submitted,

**KAZEROUNI LAW GROUP, APC**

By:   /s/ Abbas Kazerounian
Abbas Kazerounian, Esq.
Michael Kind, Esq.
6069 South Fort Apache Road, Suite 100
Las Vegas, NV 89148

**HAINES & KRIEGER, LLC**

David H. Krieger, Esq.
8985 S. Eastern Avenue, Suite 350
Henderson, NV 89123
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 26, 2018, the foregoing Motion was filed and served via CM/ECF to all parties appearing in this case.

**KAZEROUNI LAW GROUP, APC**

By:  /s/ Abbas Kazerounian