Abbas Kazerounian, Esq.
*Pro Hac Vice*
Michael Kind, Esq.
Nevada Bar No. 13903
**KAZEROUNI LAW GROUP, APC**
6069 S. Fort Apache Rd., Ste. 100
Las Vegas, NV 89148
Phone: (800) 400-6808
ak@kazlg.com
mkind@kazlg.com

David H. Krieger, Esq.
Nevada Bar No. 9086
**HAINES & KRIEGER, LLC**
8985 S. Eastern Ave., Ste. 350
Henderson, NV 89123
Phone: (702) 880-5554
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff Joseph J. Smith*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Joseph J. Smith, *on behalf of himself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> One Nevada Credit Union, <br><br> Defendant. | Case No.: 2:16-cv-02156-GMN-NJK <br><br> **DECLARATION OF ABBAS KAZEROUNIAN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD** <br><br> Hearing: March 5, 2019 <br> Time: 11:00 am <br> Courtroom: 7D <br><br> Chief Judge Gloria M. Navarro |

### DECLARATION OF ABBAS KAZEROUNIAN

I, Abbas Kazerounian, declare:

1. I am a partner with the law firm Kazerouni Law Group, APC, and one of the attorneys

for Plaintiff Joseph J. Smith ("Plaintiff") in the above-captioned action against defendant One Nevada Credit Union ("Defendant"). This court has granted me permission to practice here *pro hac vice* on July 20, 2017. ECF No. 44.

2. I am over the age of 18 and am fully competent to make this declaration. I was admitted to the State Bar of California in 2007 and have been a member in good standing ever since that time.

3. I have litigated cases in both state and federal courts in California, Washington, Nevada, Arizona, Arkansas, New York, New Jersey, Colorado, Tennessee, Ohio, Florida, Illinois and Texas. I am admitted in every federal district in California and have handled federal litigation in the federal districts of California. I am also admitted to the state bar of Texas, Illinois, Washington, Michigan, Colorado, New York, District of Columbia, the Ninth Circuit Court of Appeals, the Eighth Circuit Court of Appeals, and the Supreme Court of the United States

4. If called as a witness, I would competently testify to the matters herein from personal knowledge. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

5. I am writing this declaration in support of the Motion for Attorneys' Fees, Costs, and Incentive Award in this case.

**CASE HISTORY**

11. Plaintiffs' Complaint was filed on September 13, 2016; ECF No. 1;

12. On November 4, 2016, Defendant filed its motion to dismiss; ECF No. 12;

13. Plaintiff filed his Response on November 21, 2016; ECF No. 14;

14. Defendant filed its Reply on December 1, 2016; ECF No. 17;

15. On December 22, 2016, Defendant filed its Motion to Stay Discovery; ECF No. 25;

16. Plaintiff filed his Response on January 5, 2017; ECF No. 27;

17. Defendant filed its Reply on January 12, 2017; ECF No. 30;

18. On January 18, 2017, this Court denied Defendant's Motion to Stay Discovery; ECF No. 33;

19. Plaintiff served his written discovery requests on February 22, 2017;

20. On May 19, 2017, the Parties held a mediation session with Honorable Jackie Glass (Ret.).

21. On June 27, 2017, this Court denied in part and granted in part Defendant's motion to dismiss; ECF No. 39;

22. Plaintiff took Defendant's Rule 30(b)(6) deposition, including three Defendant executives, on June 30, 2017;

23. Defendant took Plaintiff's deposition on July 17, 2017;

24. In discovery it was found that the size of the class was likely greater than originally believed and encompassed all of Defendant's members.  A First Amended Complaint was filed on July 18, 2017; ECF No. 43;

25. Defendant answered the Amended Complaint on August 1, 2017; ECF No. 48;

26. On August 25, 2017, the Parties held a second mediation session with Honorable Jackie Glass (Ret.).  Before, during and after the mediation sessions, the parties exchanged factual information and documents, as well as confidential mediation briefs detailing their respective positions on the substantive FCRA "account review" law applicable to the case.  The Parties also discussed their positions on class certification issues, and their views on whether willful conduct could be proven on a class-wide basis.

27. On October 6, 2017, the Parties had exchanged a fully executed class action settlement agreement.

28. The Joint Motion for Preliminary Approval of Class Action Settlement was granted on September 16, 2018.

### SETTLEMENT

29. The Parties have litigated this dispute for over two years, as the action was filed in this court on September 13, 2016. ECF No. 1.

30. The settlement was negotiated heavily at arms length over a period of months.

31. The attorneys' fees and litigation costs in this action were negotiated only *after* the

relief for the Settlement Class members was agreed upon.

32. As a result of the above process and the Parties' representations to each other, I believe that the Parties are fully apprised of the relative strengths and weaknesses of each other's claims and defenses and the potential risks to each party of pursuing further litigation in this matter.

33. A written Settlement Agreement was finalized and fully executed in October of 2017.

34. It is my opinion that the settlement class as defined satisfies the requirements of F.R.C.P. 23. I believe the settlement is fair and reasonable. I also believe the settlement will have a deterrent effect on future alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") by Defendant and similar businesses.

35. I am unaware of any conflict of interest between Plaintiff and the settlement class members or between Plaintiff and counsel.

36. Based on my experience, and for all the reasons detailed herein, I believe that the requested attorneys' fees, costs and incentive award is fair and reasonable

## RISKS OF CONTINUED LITIGATION

37. The named Plaintiff and his counsel believe that the claims asserted in the actions have merit.

38. Taking into account the burdens, uncertainty and risks inherent in this litigation, Plaintiff's counsel have concluded that further prosecution of this action through trial would be protracted, burdensome, and expensive, and that it is desirable, fair, and beneficial to the settlement class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

39. Specifically, Plaintiff faces challenges and difficulties in proving that Defendant's actions in obtaining the credit reports were permissible.  And even if unlawful, Plaintiff faces challenges in proving Defendant's actions were willful and what the damages, if any, were sustained by the class members.  It is possible that the issue of

1  whether Defendant acted willfully will have to be determined on a case-by-case basis.
2  40. Furthermore, certifying a case as a class action is also a massive litigation hurdle.
3  41. Based on the above, I believe, based on my experience that the class action settlement
4  in this case is fundamentally fair.

### CLASS COUNSEL'S EXPERIENCE AND RESULTS

42. I have filed and litigated numerous consumer class actions over the last several years, including but not limited to the following, which I am or have been personally involved in:

   a. *Pastor, et al. v. Bank of America NA*, Case No. 3:15-cv-03831 (N.D. Cal. 2017) (FCRA impermissible pull class action; final approval granted August 16, 2018);

   b. *Lemieux v. EZ Lube, LLC*, et al., 12-CV-01791-JLS-WYG (S.D. Cal.) (Served as co-lead counsel; finally approved on December 8, 2014);

   c. *Malta, et al. v. Wells Fargo Home Mortgage, et al.,* 10-CV-1290-IEG (BLM) (Served as co-lead counsel for a settlement class of borrowers in connection with residential or automotive loans and violations of the TCPA in attempts to collect on those accounts; obtained a common settlement fund in the amount of $17,100,000; final approval granted in 2013);

   d. *Conner v. JPMorgan Chase Bank, et al.*, 10-CV-1284 DMS (BGS) (S.D. Cal.) (finally approved $11,973,558 as co-lead class counsel);

   e. *In Re: Midland Credit Management, Inc.*, *Telephone Consumer Protection Act Litigation*, 11-md-2286-MMA (MDD) (S.D. Cal.) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process; finally approved for $18,000,000);

   f. *In Re: Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation*, 11-md-02295-JAH (BGS) (Counsel for a

Plaintiff in the lead action, prior to the action being re-categorized through the multi-district litigation process; finally approved on January 25, 2017);

g. *Arthur v. SLM Corporation*, 10-CV-00198 JLR (W.D. Wash.) (Nationwide settlement achieving the then-largest monetary settlement in the history of the TCPA concerning calls to cellular telephone at the time: $24.15 million; final approval granted in 2012);

h. *Lo v. Oxnard European Motors, LLC, et al.*, 11-CV-1009-JLS-MDD (S.D. Cal.) (Achieving one of the highest per class member payouts in a TCPA action of $1,331.25 per claimant; final approval granted in 2012);

i. *Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.*, 10-01777-AJB-NLS (S.D. Cal.) (Approved as co-lead counsel and worked to obtain a national TCPA class settlement where claiming class members each received payment in the amount of $70.00 per claimant; final approval granted in 2013);

j. *Foote v. Credit One Bank, LLC*, 2:13-cv-08605-MWF-PLA (C.D.Cal.);

k. *Olney v. Job.com, Inc. et al.*, 13-cv-02004-AWI-SAB (E.D. Cal.);

l. *Bohkle v. U.S. Bank, N.A.*, 12-cv-09247-RGK-E (C.D. Cal.);

m. *Dake v. Receivables Performance Management, LLC*, 5:12-cv-01680-VAP-SP (C.D. Cal.);

n. *Garcia v. Earthlink, Inc.*, 3:12-CV-01129-DMS-BLM (S.D. Cal.);

o. *Montegna v. Portfolio Recovery Associates, LLC*, 3:12-cv-00764-MMA-BGS (S.D. Cal.);

p. *Barani v. Wells Fargo Bank, N.A.*, 12-CV-02999-GPC (KSC) (S.D. Cal.) (Co-lead class counsel in a settlement under the TCPA for the sending of unauthorized text messages to non-account holders in connection to wire transfers; finally approved on March 6, 2015 for over $1,000,000);

q. *Mills v. HSBC Bank Nevada, N.A.*, Case No. 12-CV-04010-SI (N.D. Cal.)

(Finally approved for $39,975,000);

r. *Martin v. Wells Fargo Bank, N.A.*, 12-CV-06030-SI (N.D. Cal.);

s. *Heinrichs v. Wells Fargo Bank, N.A.*, 13-CV-05434-WHA (N.D. Cal.);

t. *Newman v. ER Solutions, Inc.*, 11-CV-0592H (BGS);

u. *In Re Jiffy Lube International, Inc.*, MDL No. 2261 (Finally approved for $47,000,000.00);

v. *Jaber v. NASCAR*, 11-CV-1783 DMS (WVG) (S.D. Cal.);

w. *Ridley v. Union Bank, N.A.*, 11-CV-1773 DMS (NLS) (S.D. Cal.);

x. Ryabyshchuk v. Citibank (South Dakota) N.A., et al, 11-CV-1236-IEG (WVG);

y. *Sherman v. Kaiser Foundation Health Plan, Inc.*, 13-CV-0981-JAH (JMA) (S.D. Cal.) (Settled for $5,350,000 and finally approved on May 12, 2015; served as co-lead counsel);

z. *Rivera v. Nuvell Credit Company LLC*, 13-CV-00164-TJH-OP (E.D. Cal.);

aa. *Karayan v. Gamestop Corp.*, 3:12-CV-01555-P (N.D. Texas);

bb. *Webb v. Healthcare Revenue Recovery Group*, 13-cv-00737–RS (N.D. Cal.);

cc. *Couser v. Comenity Bank*, 12-cv-02484-MMA-BGS (S.D. Cal. Oc. 2, 2014) (Finally approved for $8,475,000 on May 27, 2015 as served as co-lead counsel);

dd. *Couser v. Apria Healthcare, Inc. et al.*, 13-cv-00035-JVS-RNB (C.D. Cal. Oct. 27, 2014) (Finally approved on March 9, 2015 and served as co-lead counsel);

ee. *Rose v. Bank of America Corporation et al.*, 12-cv-04009-EJD (N.D. Cal.) (Finally approved for $32,000,000 in 2014);

ff. *Newman v. AmeriCredit Financial Services*, 11-cv-03041-DMS-BLM (S.D. Cal.) (finally approving TCPA settlement for over $6,500,000 on

March 28, 2016; co-lead counsel);

gg. *Fox v. Asset Acceptance, LLC*, 14-cv-00734-GW-FFM (C.D. Cal. July 1, 2016) (finally approved TCPA class action for $1,000,000; $200,000 cash and $800,000 debt relief; co-lead counsel);

hh. *Barrett v. Wesley Financial Group, LLC*, 13-cv-00554-LAB-KSC (S.D. Cal.) (Class certification granted; lead counsel);

ii. *Gehrich v. Chase Bank, N.A.*, 12-cv-5510 (N.D. Cal.) (finally approved for $34,000,000; co-lead counsel);

jj. *Macias v. Water & Power Community Credit Union*, BC515936 (Los Angeles Superior Court) (Class certification granted under the Rosenthal Fair Debt Collection Practices Act; class action settlement finally approved on April 21, 2016; lead counsel);

kk. *LaPuebla v. BirchBox, Inc.*, 3:15-cv-00498-BEN-BGS (S.D. Cal. 2016) (finally approved settlement in unlawful auto-renewal action, bringing approximately $1.5 Million benefit to class; co-lead counsel);

ll. *Stemple v. QC Holdings, Inc.*, 12-cv-01997-BAS-WVG (S.D. Cal. Nov. 7, 2016) (finally approved for $1,500,000; co-lead counsel);

mm. *Abdeljalil v. GE Capital Retail Bank*, 12-cv-02078−JAH−MDD (S.D. Cal.) (Class certification granted where the plaintiffs proposed a keyword search of the defendant's account notes to identify class members; finally approved settlement for $7,000,000; co-lead counsel);

nn. *Hooker v. Sirius XM Radio Inc.*, 4:13-cv-00003-AWA-LRL (E.D.Va. December 22, 2016) (Served as co-lead counsel in finally approved TCPA class action settlement with a monetary fund of $35,000,000); and

oo. *Medeiros v. HSBC Card Services, Inc. et al.*, 2017 U.S. LEXIS 178484 (C.D. Cal. Oct. 23, 2017) (finally approved CIPA class action settlement for $13,000,000; co-lead counsel).

pp. *Knell, et al. v. FIA Card Services, N.A.*, 13-CV-01653-AJB-WVG (S.D.

Cal.) (California class action settlement under Penal Code 632, et seq., for claims of invasion of privacy.  Settlement resulted in a common fund in the amount of $2,750,000; finally approved in August 15, 2014; co-lead counsel);

qq. *Hoffman v. Bank of America Corporation*, 12-CV-00539-JAH-DHB (S.D. Cal.) (California class action settlement under Penal Code 632, et seq., for claims of invasion of privacy.  Settlement resulted in a common fund in the amount of $2,600,000; finally approved on November 6, 2014 and served as co-lead counsel);

rr. *Mount v. Wells Fargo Bank, N.A.*, BC395959 (Sup. Ct. Los Angeles) (finally approved for $5,600,000 in action under Cal. Pen. Code § 630, et seq.);

ss. *Zaw v. Nelnet Business Solutions, Inc. et al.*, No. 13-cv-05788-RS (N.D. Cal.) (finally approved in 2014 for $1,188,110 in action under Cal. Pen. Code § 630, et seq.; co-lead counsel);

tt. *Ronquillo-Griffin v. Telus Communications, Inc. et al.*, 3:17-cv-00129-JM-MLB (S.D. Cal.) (preliminarily approved on November 1, 2018 for $425,000);

uu. *Caldera v. Am. Med. Collection Agency*, 2017 U.S. Dist. LEXIS 99239 (C.D. Cal. June 27, 2017) (Order certifying nationwide TCPA class action; co-lead counsel);

vv. *Burkhammer v. Allied Interstate, LLC*, 2017 Cal. Super. LEXIS 109 (Sup. Ct. San Luis Obispo) (RFDCPA class action finally approved on October 30, 2017; co-lead counsel);

ww. *Moreno-Peralta v. TRS Recovery Services, Inc.*, 2017 Cal. Super. LEXIS 548 (Sup. Ct. San Luis Obispo Oct. 10, 2017) (RFDCPA class action finally approved November 28, 2018; co-lead counsel);

xx. *Luster v. Wells Fargo Dealer Services, Inc.*, 15-cv-1058 (TWT) (N.D. Ga.

November 8, 2017) (TCPA class action finally approved in the amount of $14,834,058.00);

yy. *McPolin v. Credit Service of Logan*, 16-cv-116 BSJ (Utah District Court) (FDCPA class action with consumers to each receive $1,428.57, debt relief, and tradeline deletion finally approved on November 9, 2017; lead counsel).

zz. *Reid v. I.C. System, Inc.*, 2017 U.S. Dist. LEXIS 43770 (D.Ariz. March 24, 2017) (TCPA class actions finally approved in the amount of $3,500,000);

aaa. *Couser v. Dish One Satellite, LLC*, 5:15-cv-02218-CBM-DTB (C.D. Cal. November 21, 2017) (TCPA class action approved in the amount of $935,000; co-lead counsel);

bbb. *Giffin v. Universal Protein Supplements Corporation d/b/a/ Universal Nutrition et al.*, No. BC613414 (Superior Court of California, County of Los Angeles) (recently finally approved class action settlement alleging violation of California law involving Made in USA representations; co-lead counsel).

ccc. *Maxin v. RHG & Company, Inc.*, 16-cv-2625 JLS (BLM) (S.D. Cal.) (Supplement Misrepresentation class action finally approved on February 16, 2018 for $900,000; co-lead counsel);

ddd. *Oxina v. Lands' End, Inc.*, 3:14-cv-02577-MMA-NLS (S.D. Cal. 2016) (finally approved settlement under California Made in the USA statute; co-lead counsel);

eee. *Franklin v. Wells Fargo, N.A.*, No. 14-cv-2349-MMA-BGS (S.D. Cal.) (finally approved for $14,550,198);

fff. *Hansen v. Tinder, Inc.*, 2018 Cal. Super. LEXIS 2462 (finally approved in September 2018; co-lead counsel);

ggg. *Dowlatshahi v. McIlhenny Co.*, 2018 Cal. Super. LEXIS 2901 (Cal. Super. Oct.

10, 2018 (final approval order for $600,000; co-lead counsel);

hhh. *Calderon v. Wolf Firm, Inc.*, No. 16-1266-JLS (KESx), 2018 U.S. Dist. LEXIS 159435 (C.D. Cal. Sep. 18, 2018) (nationwide TCPA class action finally approved September 2018; co-lead counsel);

43. Many of the cases listed above, which have settled, have resulted in the creation of combined common funds and/or distribution to class member in the hundreds of millions of dollars. The outstanding results mentioned above are a direct result of the diligence and tenacity shown by both me and Kazerouni Law Group, APC, in successfully prosecuting complex class actions and individual consumer actions.

44. In addition to my class action experience, I have experience in commercial litigation and large-scale products liability litigation including a $2.5 million dollar settlement in *Mei Lu Hwei, et al v. American Honda Motor Co., Inc., et al.* (Case No. BC401211 in Superior Court of California for County of Los Angeles). I have regularly litigated cases in state and federal courts, and have reached numerous confidential seven-figure settlements against internationally known companies.

45. I argued before the Ninth Circuit Court of Appeals in *Afewerki v. Anaya Law Grp.*, 868 F.3d 771 (9th Cir. 2017), resulting in a favorable order for my client

46. I successfully argued before the Ninth Circuit Court of Appeals in *Marks v. Crunch San Diego, LLC*, No. 14-56834, 2018 U.S. App. LEXIS 26883 (9th Cir. Sep. 20, 2018), that resulted in a groundbreaking victory for consumers in TCPA cases.

47. I argued before the Ninth Circuit Court of Appeals in *Knutson v. Sirius XM Radio*, No. 12-56120 (9th Cir. 2014), which resulted in an order in favor of my client.

### ADDITIONAL RELEVANT TRAINING, SPEAKING/TEACHING ENGAGEMENTS AND ASSOCIATIONS

48. I am an adjunct professor at California Western School of Law where I teach a three-credit course in consumer law.

49. I have undergone extensive training in the area of consumer law. The following is a list of recent training conferences I attended:

a. Four-day National Consumer Law Center Conference; Nashville, TN –2008;
b. Three-day National Consumer Law Center Conference; Portland, OR -2008;
c. Three-day National Consumer Law Center Conference; San Diego, CA - 2009;
d. Three-day National Consumer Law Center Conference; Seattle, WA -2011;
e. National Consumer Law Center Conference in 2013;
f. National Consumer Law Center Conference in 2014;
g. National Consumer Law Center Conference in 2015;
h. National Consumer Law Center Conference in 2016;
i. Three-day CAALA Conference; Las Vegas, NV – 2009;
j. Three-day CAALA Conference; Las Vegas, NV – 2013;
k. Three-day CAALA Conference; Las Vegas, NV – 2015;
l. Three-day CAALA Conference; Las Vegas, NV – 2016;
m. Three-day CAALA Conference; Las Vegas, NV – 2017;
n. Three-day CAALA Conference; Las Vegas, NV – 2018;
o. Three-day CAOC Conference – 2014 and 2015;
p. Speaker at ABA National Conference, Business Litigation Section; Trends in Consumer Litigation; San Francisco, CA – 2013;
q. Speaker at the ABA TCPA National Webinar (Consumer Protection, Privacy & Information Security, Private Advertising Litigation, and Media & Technology Committees) – September 2013;
r. Spoke at the 2014 ACA Conference in November 2014;
s. Speaker at ACI Conference in Dallas, TX in September of 2016 concerning The Borrower's Perspective: Insight From The Plaintiffs' Bar and Consumer Advocates; and
t. Speaker on TCPA panel in September of 2016 at the Annual Consumer Financial Services Conference.

50. As one of the main plaintiff litigators of consumer rights cases in Southern California, I have been requested to and have made regular presentations to community

organizations regarding consumer rights. These organizations include Whittier Law School, Iranian American Bar Association, Trinity School of Law and Chapman Law School, University of California, Irvine, and California Western School of Law.

51. I was the principle anchor on Time Television Broadcasting every Thursday night as an expert on consumer law generally, and the TCPA specifically, between 2012 and 2013.

52. I was named Rising Star by San Diego Daily Tribune in 2012, and Rising Star in Super Lawyers Magazine in 2013, 2014 and 2015. I was named a Super Lawyer by Super Lawyers Magazine in 2016, 2017, and 2018.

53. I lectured in Class Action Trends at the CAOC 2015 Conference in San Francisco.

54. I was selected for membership into The National Trial Lawyers: Top 40 Under 40 in 2016.

55. I was a panelist in a webinar, ABA Telephonic Brown Bag re: TCPA, on August 25, 2015.

56. I lectured in Class Action Trends at the CAOC 2015 Conference in San Francisco, California.

57. In January of 2016, I spoke on the impact of the Federal Communications Commission's 2015 Declaratory Ruling on TCPA litigation at the ABA National Convention in Salt Lake City, Utah.

58. In May of 2016, I spoke on Class Action Trends at the CAOC seminar in Palm Springs, California.

59. I lectured on the TCPA before the ABA Business Law Section, Consumer Financial Services Committee in January 2016 at an event in Utah entitled, "Impact of the FCC's 2015 Rulings on TCPA Litigation."

60. In 2016, I wrote an article entitled "Finding a Balance" that was published in the Nutrition Business Journal, concerning a lawsuit filed under the Racketeer Influenced and Corrupt Organization Act.

61. I was published in the Daily Journal in September of 2016, with the title, "The

FDCPA: The Forgotten Statute."

62. I am often called upon to give legal analysis on popular television and radio shows such as Dr. Drew Midday Live and Fox 5.

63. In March of 2016, I moderated the Judges Panel on Class Action Trends and Federal Litigation Trends at the NCLC Conference.

64. I spoke on privacy rights on a panel before the California State Bar Convention in 2016.

65. I spoke at the 22nd National Forum on Residential Mortgage Litigation & Regulatory Enforcement conference on January 22, 2017.

66. Presented at the 2017 CAOC seminar in Palm Springs, California.

67. Speaker at national webinar on June 7, 2017 for the CAOC, entitled, Understanding the Fair Debt Collection Practices Act, and again on August 1, 2018.

68. Speaker on a national webinar on August 31, 2018, entitled, the Fair Debt Collection Practices Act.

69. I wrote an article entitled, *Collateral Damage, Beyond the personal injury: When creditors and collection agencies stalk your client*, published in the September 2017 edition of Plaintiff Magazine.

70. Speaker at National Webinar by the ABA Consumer Financial Services Committee on TCPA Update—"The D.C. Circuit's TCPA Decision on the FCC Ruling," held on March 22, 2018.

71. Spoke at 2018 Inland Empire CAOC Convention on "Class Action Hot Topics" - May 2018.

72. I am a member in good standing of the following organizations:
    - Consumer Attorneys Association of Los Angeles;
    - Orange County Bar Association;
    - Federal Bar Association
    - Two time former President of the Orange County Iranian American Bar Association;

- National Consumer Law Center (NCLC);
- National Association of Consumer Advocates (NACA);
- Consumer Attorneys of California (CAOC) - Member of Executive Committee;
- Leading Forum of the American Association of Justice;
- American Bar Association;
- Orange County Trial Lawyers Association;
- American Association for Justice (AAJ); and
- Western Trial Lawyers Association.

73. I have extensive experience prosecuting cases related to consumer issues, including consumer deceptive trade practices cases. My firm, Kazerouni Law Group, APC, in which I am a principal, has litigated over 5,000 cases in the past ten years. My firm has offices in Orange County, California, San Luis Obispo, California, Phoenix, Arizona, Las Vegas, Nevada, and Dallas, Texas. Kazerouni Law Group, APC has extensive experience in consumer class actions and other complex litigation. My firm has a history of aggressive, successful prosecution of consumer class actions. Approximately 98% percent of my practice concerns consumer litigation in general.

74. In October 2018, I was published in The Gavel in an article entitled "The Impact of *Epic Systems Corp. v. Lewis*: How Arbitration Will Impact Consumers Going Forward."

75. I spoke at the Western Trial Lawyers Association conference on Class Action Trends in 2017, held in Steamboat Springs, Colorado.

76. I was a speaker at Consumer Attorneys of California 2017 seminar on hot litigation topics at Lake Tahoe, Nevada.

77. On October 10, 2018, I was a panelist for the Consumer Financial Services Committee's Monthly Call-In Program, on the topic entitled "TCPA Takes a New Turn With the 9th Circuit's Ruling in *Marks v. Crunch San Diego, LLC*."

## HOURS INCURRED

78. As of December 18, 2018, I have incurred at least 47 hours working on this litigation,

which includes time incurred in this action since I was admitted to practice in this case *pro has vice*.

79. I anticipate incurring approximately 25 additional hours through the final approval hearing and in overseeing settlement award distribution and any cy pres distribution of unclaimed funds, and addressing any objections that might be filed.

80. I have been repeatedly approved for hourly rates above $600, including my rate of $675 per hour in *Dowlatshahi v. McIlhenny Co.*, No. 30-2017-00911222-CU-NP-CXC (Cal. Sup. Ct., Oct. 10, 2018) and *Ayala, et al, v. Triplepulse, Inc. dba Trubrain*, No. BC655048 (Cal. Sup. Ct., Nov. 13, 2018).

### LITIGATION EXPENSES

81. As of December 18, 2018, my firm, Kazerouni Law Group, APC, has incurred $8,509.67 in litigation expenses, as detailed in Exhibit A.

### CONTINGENCY FEE

82. This action was taken on a contingency fee basis, and Plaintiff's counsel have not been compensated to date for any work in the litigation against Defendant.

### EXHIBITS

83. Attached hereto as Exhibit A is an accounting of the litigation expenses incurred by Kazerouni Law Group, APC in this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 26, 2018, pursuant to the laws of the United States and the State of Nevada.

By: /s/ Abbas Kazerounian
Abbas Kazerounian, Esq.