Abbas Kazerounian, Esq.
*Pro Hac Vice*
Michael Kind, Esq.
Nevada Bar No. 13903
**KAZEROUNI LAW GROUP, APC**
6069 S. Fort Apache Rd., Ste. 100
Las Vegas, NV 89148
Phone: (800) 400-6808
ak@kazlg.com
mkind@kazlg.com

David H. Krieger, Esq.
Nevada Bar No. 9086
**HAINES & KRIEGER, LLC**
8985 S. Eastern Ave., Ste. 350
Henderson, NV 89123
Phone: (702) 880-5554
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff Joseph J. Smith*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Joseph J. Smith, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>One Nevada Credit Union,<br><br>Defendant. | Case No.: 2:16-cv-02156-GMN-NJK<br><br>**DECLARATION OF MICHAEL KIND IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD**<br><br>Hearing: March 5, 2019<br>Time: 11:00 am<br>Courtroom: 7D<br><br>Chief Judge Gloria M. Navarro |

### DECLARATION OF MICHAEL KIND

I, Michael Kind, declare:

1. I am co-counsel of record for plaintiff Joseph J. Smith ("Plaintiff") in the above-

captioned action against defendant One Nevada Credit Union ("Defendant"). I am a member in good standing of the State Bar of Nevada. I am also licensed to practice in this Court and have handled numerous consumer cases in state and federal court. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2. Since my admission to the State Bar of Nevada in 2015, I have been engaged almost exclusively in the area of consumer rights litigation, primarily in the area of fair credit reporting, fair debt collections, the defense of debt collection lawsuits, and class action litigation under the FCRA, TCPA, and the Fair Debt Collection Practices Act.

3. I am the managing associate for the Nevada office of Kazerouni Law Group, APC, which has an outstanding reputation in the community for consumer protection litigation. My firm has offices in California, Nevada, Arizona, Texas, and Utah, and has extensive experience in consumer class actions and other complex litigation, including numerous FCRA cases. My firm has a history of aggressive, successful prosecution of consumer class actions, specifically under the Fair Credit Reporting Act, Fair Debt Collection Practices Act and Telephone Consumer Protection Act.

4. I am writing this declaration in support of the Motion for Attorneys' Fees, Costs, and Incentive Award in this case.

5. I have personal knowledge of the following facts and, if called upon as a witness, could and would competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

6. The Parties have litigated this dispute for over two years, as the action was filed in this court on September 13, 2016. ECF No. 1.

7. The Parties agreed to mediation with an experienced mediator, Honorable Jackie Glass (Ret.), through Advanced Resolution Management, here in Las Vegas. The mediation sessions were held on May 19, 2017 and August 25, 2017 and a settlement agreement was reached soon after.

8. The settlement was negotiated heavily at arms length over a period of months.
9. A written Settlement Agreement was finalized and fully executed in October 2017.
10. It is my opinion that the settlement class as defined satisfies the requirements of F.R.C.P. 23. I believe the settlement is fair. I also believe the settlement will have a deterrent effect on future alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") by Defendant and similar businesses.
11. I am unaware of any conflict of interest between Plaintiff and the settlement class members or between Plaintiff and counsel.
12. Based on my experience, and for all the reasons detailed herein, I believe that the requested attorneys' fees, costs and incentive award is fair and reasonable.

## CASE HISTORY

13. Plaintiffs' Complaint was filed on September 13, 2016; ECF No. 1;
14. On November 4, 2016, Defendant filed its motion to dismiss; ECF No. 12;
15. Plaintiff filed his Response on November 21, 2016; ECF No. 14;
16. Defendant filed its Reply on December 1, 2016; ECF No. 17;
17. On December 22, 2016, Defendant filed its Motion to Stay Discovery; ECF No. 25;
18. Plaintiff filed his Response on January 5, 2017; ECF No. 27;
19. Defendant filed its Reply on January 12, 2017; ECF No. 30;
20. On January 18, 2017, this Court denied Defendant's Motion to Stay Discovery; ECF No. 33;
21. Plaintiff served his written discovery requests on February 22, 2017;
22. On May 19, 2017, the Parties held a mediation session with Honorable Jackie Glass (Ret.).
23. On June 27, 2017, this Court denied in part and granted in part Defendant's motion to dismiss; ECF No. 39;
24. Plaintiff took Defendant's Rule 30(b)(6) deposition, including three Defendant executives, on June 30, 2017;
25. Defendant took Plaintiff's deposition on July 17, 2017;

26. In discovery it was found that the size of the class was likely greater than originally believed and encompassed all of Defendant's members. A First Amended Complaint was filed on July 18, 2017; ECF No. 43;

27. Defendant answered the Amended Complaint on August 1, 2017; ECF No. 48;

28. On August 25, 2017, the Parties held a second mediation session with Honorable Jackie Glass (Ret.).

29. On October 6, 2017, the Parties had exchanged a fully executed class action settlement agreement;

30. The Joint Motion for Preliminary Approval of Class Action Settlement was granted on September 16, 2018.

### RISKS OF CONTINUED LITIGATION

31. I believe that the claims asserted in the actions have merit but taking into account the burdens, uncertainty and risks inherent in this litigation, I believe that further prosecution of this action through trial would be protracted, burdensome, and expensive, and that it is desirable, fair, and beneficial to the settlement class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

32. Specifically, Plaintiff faces challenges and difficulties in proving that Defendant's actions in obtaining the credit reports were permissible. And even if unlawful, Plaintiff faces challenges in proving Defendant's actions were willful and what the damages, if any, were sustained by the class members. It is possible that the issue of whether Defendant acted willfully will have to be determined on a case-by-case basis.

33. Furthermore, certifying a case as a class action is also a massive litigation hurdle.

34. Based on the above, I believe, based on my experience that the class action settlement in this case is fundamentally fair.

### CLASS COUNSEL'S EXPERIENCE

35. I received my law degree from Cornell Law School in New York in 2015.

36. I am admitted to practice law before the courts of the State of Nevada, the United

States District Court for the District of Nevada and the Ninth Circuit Court of Appeals.

37. I am also admitted to practice law in New York.

38. I have also litigated consumer cases in Texas and California.

39. Since my admission to the State Bar of Nevada in 2015, I have been engaged almost exclusively in the area of consumer rights litigation, primarily in the area of FCRA, TCPA, and the FDCPA and related federal and state consumer statues.

40. I was nominated for the 2017 Top 100 Lawyers in Las Vegas by My Vegas magazine.

41. I was awarded the 2018 Vince Consul Memorial Pro Bono Award through the Legal Aid Center of Southern Nevada for helping low-income Nevadans and veterans with consumer-related legal issues.

42. I am or have been personally involved in numerous other consumer-related class actions, including FCRA class actions, including *Hayes v. Equiinet, Inc.*, No. 2:18-cv-02025-JAD-CWH (D. Nov.); *Martinez v. Royal Links Golf Club* No. 2:18-cv-02393-KJD-CWH (D. Nev.); *Florence v. State Farm Bank*, No. 2:16-cv-00515-APG-GWF (D. Nev.); *Stanton v. Patient Accounting Service Center*, No. 2:16-cv-02342-APG-CWH (D. Nev.); *Beck v. Bayview*, No. 2:16-cv-00786-GMN-NJK (D. Nev.).

43. I also served as lead counsel in the following class actions:

   (a) *Kamimura v. Green Tree Services, LLC*, No. 2:16-cv-00783-APG-CWH (D. Nev.) (notice of class action settlement filed);

   (b) *Harris, et al v. Treasure Island*, No. A-18-772302-C (8th Jud. Dist. Nev.) (pending preliminary approval);

   (c) *Khoury v. Wynn Resorts, Ltd*, No. A-18-773073-C (8th Jud. Dist. Nev.) (pending preliminary approval).

44. In this case, I have been the lead attorney on the case since it was filed in September 2016. I briefed Plaintiff's opposition to Defendant's motion to dismiss. I also successfully briefed Plaintiff's opposition to Defendant Motion to Stay Discovery. I

served the written discovery in this case and took Defendant's deposition that included three Rule 30(b)(6) witnesses. In discovery I discovered that the size of the class included all of Defendant's members. I filed the First Amended Complaint on July 18, 2017.

45. I successfully briefed a heavily litigated FCRA issue before this Court in *Riekki v. Bank of America*, *et al*, No. 2:15-cv-2312-GMN-VCF (D. Nev.).

46. I assisted in briefing the appellate briefs before the Ninth Circuit in *Riekki v. Bayview Financial Loan Servicing, et al*, No. 16-16438 (on appeal from No. 2:15-cv-02427-JCM-GWF (D. Nev.) (FCRA case).

47. I successfully briefed consumer-related TCPA issues in *Hastings*, *et al*, *v. Triumph Property Management Corporation*, No. 2:16-cv-00213-JAD-PAL (D. Nev. Jan. 26, 2017) (Order denying motion to dismiss).

48. I have also litigated numerous consumer cases in Nevada state court. For example, I recently successfully brought a complex Anti-SLAPP motion on behalf of consumers in *Mehadi, et al, v. Las Vegas Luxury Motor Co.*, No. A-16-739077-C (E.J.D.C. May 9, 2017).

49. On June 15, 2017, I argued before the Ninth Circuit Court of Appeals in *Elghasen v. RBS Computer, Inc.*, *et al*, No, 15-16283 (9th Cir.) in an FCRA case involving issues of personal jurisdiction.

50. I have litigated numerous consumer-related cases in Nevada. *E.g.*, *Whitlock-Allouche v. PlusFour, Inc.*, No. 2:17-cv-01656-RFB-VCF, 2018 U.S. Dist. LEXIS 151647 (D. Nev. Sep. 6, 2018) (surviving summary judgment in heavily litigated FCRA case); *Bobo v. Clark Cty. Collection Serv., LLC*, No. 2:16-cv-02911-APG-CWH, 2018 U.S. Dist. LEXIS 48007 (D. Nev. Mar. 23, 2018) (surviving summary judgment in heavily litigated FDCPA case).

51. I successfully briefed consumer-related FDCPA issues in *Bright v. Bergstrom Law, Ltd.*, No. 2:17-cv-01971-JAD-VCF, 2018 U.S. Dist. LEXIS 119800 (D. Nev. July 18, 2018) (granting Plaintiff's motion for summary judgment).

52. The results of the cases mentioned herein are a direct result of the diligence and tenacity shown by both me and Kazerouni Law Group, APC in successfully prosecuting complex consumer cases and class actions.

### HOURS INCURRED

53. As of December 18, 2018, I have incurred at least 199.7 hours working on this litigation.

54. I anticipate incurring approximately 25 additional hours through the final approval hearing and in handling settlement award distribution and any cy pres distribution of unclaimed funds, and addressing any objections that might be filed.

55. I have been previously approved by this court and in the Eighth Judicial District Court in the following cases for $250 per hour:

    *Mehadi v. Las Vegas Luxury Motor Co.* (8th Jud. Dist. Nev. 2017)
    
    Case No. A-16-739077-C
    
    Hon. Jim Crockett, District Court Judge
    
    *Moye v. Halsted Financial Services, LLC* (D. Nev. 2016)
    
    Case No. 2:14-cv-01339-JAD-VCF
    
    Hon. Jennifer Dorsey, U.S. District Judge

56. I was recently approved by the Eighth Judicial District Court in the following case for $275 per hour:

    *Robbins, Rebecca v. USA Auto* (8th Jud. Dist. Nev., May 2018)
    
    Case No. A-17-754436-C
    
    Hon. Ronald J. Israel, District Court Judge

57. No fees for work of support staff or paralegals are being requested.

### LITIGATION EXPENSES

58. As of December 18, 2018, my firm, Kazerouni Law Group, APC, has incurred $8,509.67 in litigation expenses, as detailed in Exhibit A.

**CONTINGENCY FEE**

59. This action was taken on a contingency fee basis, and Plaintiff's counsel have not been compensated to date for any work in the litigation against Defendant.

**EXHIBITS**

60. Attached hereto as Exhibit A is an accounting of the litigation expenses incurred by Kazerouni Law Group, APC in this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 26, 2018, pursuant to the laws of the United States and the State of Nevada at Las Vegas, Nevada.

By:   /s/ Michael Kind
       Michael Kind, Esq.