Abbas Kazerounian, Esq.
*Pro Hac Vice*
Michael Kind, Esq.
Nevada Bar No. 13903
**KAZEROUNI LAW GROUP, APC**
6069 S. Fort Apache Rd., Ste. 100
Las Vegas, NV 89148
Phone: (800) 400-6808
ak@kazlg.com
mkind@kazlg.com

David H. Krieger, Esq.
Nevada Bar No. 9086
**HAINES & KRIEGER, LLC**
8985 S. Eastern Ave., Ste. 350
Henderson, NV 89123
Phone: (702) 880-5554
dkrieger@hainesandkrieger.com
*Class Counsel*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Joseph J. Smith, *on behalf of himself and all others similarly situated*,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>One Nevada Credit Union,<br><br>　　　　　Defendant. | Case No.: 2:16-cv-02156-GMN-NJK<br><br>**DECLARATION OF ABBAS KAZEROUNIAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hearing: March 5, 2019<br>Time: 11:00 am<br>Courtroom: 7D<br><br>Chief Judge Gloria M. Navarro |

### DECLARATION OF ABBAS KAZEROUNIAN

I, Abbas Kazerounian, declare:

1. I am a partner with the law firm Kazerouni Law Group, APC, and one of the attorneys

for Plaintiff Joseph J. Smith ("Plaintiff") in the above-captioned action against defendant One Nevada Credit Union ("Defendant"). This court has granted me permission to practice here *pro hac vice* on July 20, 2017. ECF No. 44.

2. I am over the age of 18 and am fully competent to make this declaration. I was admitted to the State Bar of California in 2007 and have been a member in good standing ever since that time.

3. I have litigated cases in both state and federal courts in California, Washington, Nevada, Arizona, Arkansas, New York, Minnesota, New Jersey, Colorado, Tennessee, Ohio, Florida, Illinois and Texas. I am admitted in every federal district in California and have handled federal litigation in the federal districts of California. I am also admitted to the state bar of Texas, Illinois, Washington, Michigan, Colorado, New York, District of Columbia, the Ninth Circuit Court of Appeals, the Eighth Circuit Court of Appeals, and the Supreme Court of the United States

4. If called as a witness, I would competently testify to the matters herein from personal knowledge. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

5. I am writing this declaration in support of the Motion for Final Approval of Class Action Settlement in this case.

## CASE HISTORY

6. Plaintiffs' Complaint was filed on September 13, 2016; ECF No. 1;
7. On November 4, 2016, Defendant filed its motion to dismiss; ECF No. 12;
8. Plaintiff filed his Response on November 21, 2016; ECF No. 14;
9. Defendant filed its Reply on December 1, 2016; ECF No. 17;
10. On December 22, 2016, Defendant filed its Motion to Stay Discovery; ECF No. 25;
11. Plaintiff filed his Response on January 5, 2017; ECF No. 27;
12. Defendant filed its Reply on January 12, 2017; ECF No. 30;
13. On January 18, 2017, this Court denied Defendant's Motion to Stay Discovery; ECF No. 33;

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148

14. Plaintiff served his written discovery requests on February 22, 2017;
15. On May 19, 2017, the Parties held a mediation session with Honorable Jackie Glass (Ret.).
16. On June 27, 2017, this Court denied in part and granted in part Defendant's motion to dismiss; ECF No. 39;
17. Plaintiff took Defendant's Rule 30(b)(6) deposition, including three Defendant executives, on June 30, 2017;
18. Defendant took Plaintiff's deposition on July 17, 2017;
19. In discovery it was found that the size of the class was likely greater than originally believed and encompassed all of Defendant's members. A First Amended Complaint was filed on July 18, 2017; ECF No. 43;
20. Defendant answered the Amended Complaint on August 1, 2017; ECF No. 48;
21. On August 25, 2017, the Parties held a second mediation session with Honorable Jackie Glass (Ret.). Before, during and after the mediation sessions, the parties exchanged factual information and documents, as well as confidential mediation briefs detailing their respective positions on the substantive FCRA "account review" law applicable to the case. The Parties also discussed their positions on class certification issues, and their views on whether willful conduct could be proven on a class-wide basis.
22. On October 6, 2017, the Parties had exchanged a fully executed class action settlement agreement.
23. The Joint Motion for Preliminary Approval of Class Action Settlement was granted on September 16, 2018.

**SETTLEMENT**

24. The Parties have litigated this dispute for over two years, as the action was filed in this court on September 13, 2016. ECF No. 1.
25. The settlement was negotiated heavily at arms length over a period of months.
26. The attorneys' fees and litigation costs in this action were negotiated only *after* the

relief for the Settlement Class members was agreed upon.

27. As a result of the above process and the Parties' representations to each other, I believe that the Parties are fully apprised of the relative strengths and weaknesses of each other's claims and defenses and the potential risks to each party of pursuing further litigation in this matter.

28. It is my opinion that the nationwide settlement class as defined, consisting of approximately 87,348 people who had their credit reports accessed by Defendant, satisfies the requirements of Rule 23. I believe the settlement is fair, reasonable, and adequate. I also believe the settlement will have a deterrent effect on future alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") by Defendant and similar businesses.

29. I am unaware of any conflict of interest between Plaintiff and the settlement class members or between Plaintiff and counsel.

30. Since preliminary approval, Plaintiff has continued to serve as an adequate Class Representative by reviewing documents and submitting his declaration in support of the Fee Brief. Plaintiff supports final approval of the proposed settlement.

31. I have continued to adequately represent the interests of the Class Members and the named plaintiff, having, among other things, timely filed the Fee Brief on December 26, 2018 (ECF No. 58) and assisted with the settlement administration, including responding to numerous Class Members' inquiries.

**RISKS OF CONTINUED LITIGATION**

32. The named Plaintiff and his counsel believe that the claims asserted in the actions have merit.

33. Taking into account the burdens, uncertainty and risks inherent in this litigation, Plaintiff's counsel have concluded that further prosecution of this action through trial would be protracted, burdensome, and expensive, and that it is desirable, fair, and beneficial to the settlement class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions

set forth in the Settlement Agreement.

## CLAIMS PROCESS

34. Class Members were provided 90 days to make a claim for a settlement payment.

35. The procedure for submitting a claim was made as easy as possible: a claim form could be submitted online through the settlement website or by US Mail.

36. I was informed by the Claims Administrator, KCC, that there were 12,764 timely claims, four requests for exclusion and no objections.

37. I am also unaware of any objections from any Attorneys General.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 5, 2019, pursuant to the laws of the United States and the State of Nevada.

By:   /s/ Abbas Kazerounian
      Abbas Kazerounian, Esq.