# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Joseph J. Smith, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>One Nevada Credit Union,<br><br>Defendant. | Case No.: 2:16-cv-02156-GMN-NJK<br><br>**CLASS ACTION**<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>**HON. GLORIA M. NAVARRO** |

On October 6, 2017, after extensive arms-length negotiations, and private mediation conducted before Honorable Jackie Glass (Ret.), Plaintiff and Defendant (herein jointly referred to as the "Parties") entered in to a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23, for monetary damages as set forth in the Agreement.

On December 4, 2017, the Parties filed the Agreement, along with a Joint Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion").

On September 16, 2018, upon consideration of the Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily approved the proposed settlement; (ii) approved the Notice and instructed its mailing; and (iii) set the date and time of the Final Approval Hearing.

On February 5, 2019, Plaintiff filed the Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion"). Pursuant to their Final Approval Motion, the parties requests final approval of the proposed Class Action Settlement.

The Court has read and considered the Agreement, Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE IT IS HEREBY ORDERED:

1. <u>JURISDICTION</u>: The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. <u>NOTICE AND CLAIMS PROCESS</u>: Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has complied with the approved notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Settlement Class members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice process was clearly designed to advise the Settlement Class members of their rights. Further, the Court finds that the claim process set forth in the Agreement was followed and that the process was the best practicable procedure under the circumstances.

3. <u>FINAL CLASS CERTIFICATION</u>: The Court again finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

   A. The Settlement Class members are so numerous that joinder of all of them in the Lawsuit would be impracticable;

   B. There are questions of law and fact common to the Settlement Class members, which predominate over any individual questions;

C. The claims of Plaintiff are typical of the claims of the Settlement Class members;

D. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all the Settlement Class members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

4. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class members, especially in light of the benefits to the Settlement Class members, the strength of Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

5. SETTLEMENT TERMS: The Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

A. Defendant shall pay each of the 13,069 claimants that made a valid claim, on or before 12:00 p.m. on March 5, 2019, $20.66;

B. Defendant shall pay to Class Counsel the sum of $171,490.33 as attorneys' fees and $8,509.67 as costs incurred in litigating this action;

C. Defendant shall pay to Plaintiff $5,000 as an incentive award.

6. EXCLUSIONS: A total of 4 exclusions were received. Those persons requesting exclusion are named on Exhibit A to this Order. The Court hereby excludes these individuals from the class and settlement.

7. OBJECTIONS: The Settlement Class members were given an opportunity to object to the settlement. No Settlement Class members filed objections.

8. This Order is binding on all Settlement Class members, except those individuals who validly and timely excluded themselves from the Class. (*See* Ex. A, ECF No. 64).

9. RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT: The Class Representative, Settlement Class members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

10. The Lawsuit is hereby dismissed with prejudice in all respects.

11. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

///

///

///

12. Without affecting the finality of this Final Judgment and Order of Dismissal With Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED:

DATED this __29__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court